BENJAMIN GOLDSTEIN *vs.* SIMON MANUFACTURING COMPANY &
another.

Suffolk.    November 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction*, To reach and apply property fraudulently conveyed.

In a suit in equity by a creditor against a corporation and a third person, where
it appears that in pursuance of a fraudulent scheme to hinder, defeat and de-
fraud the corporation's creditors, in which the third person knowingly partici-
pated, moneys of the corporation in excess of the amount of the plaintiff's claim
were placed in the hands of the third person, who placed them in a bank in his
own name, where they were commingled with his own funds, and drew upon
the account for corporate debts as well as for personal funds, a decree is war-
ranted directing that an execution issue against the third person for the pay-
ment of the entire debt due to the plaintiff.

BILL IN EQUITY, filed in the Superior Court on March 1, 1918,
and afterwards amended, against Simon Manufacturing Com-
pany, Simon Coat Company, Estelle Simon, Moses Goldman,
Federal Trust Company and International Trust Company, seek-
ing to enforce collection of a claim of the plaintiff as an indorser
for accommodation of a note for $2,500 of one Berman against
Simon Manufacturing Company, a prior indorser for accommo-
dation.

In the Superior Court, the suit was referred to a master. Ma-
terial findings of the master are described in the opinion. His
report was confirmed and the suit then was heard by *Lawton,* J.,
by whose order a final decree was entered dismissing the bill as
to all defendants excepting Simon Manufacturing Company and
Goldman, and ordering execution against them for the amount of
the plaintiff's claim. The defendant Goldman appealed.

The case was submitted on briefs.

*S. Sigilman,* for the defendant Goldman.

*W. Hirsh,* for the plaintiff.

DE COURCY, J. This suit was considered together with the
case of *Massachusetts Trust Co.* v. *Simon Manuf. Co. ante,* 92.
In the Superior Court the bill was dismissed as to all the defend-

ants but the Simon Manufacturing Company and Goldman; and no appeal was taken by the company from the decree entered against it.

The plaintiff, as indorser of a promissory note for $2,500, paid the same, and became a *bona fide* creditor of the Simon Manufacturing Company, a prior indorser. This suit was brought to reach and apply certain assets of the company, conveyed by it to the defendant Goldman in fraud of the plaintiff. The facts relating to the transfer of its assets by the manufacturing company to the Simon Coat Company and the defendant Goldman are set out in said case of the Massachusetts Trust Company, *ante,* and need not be repeated. In addition thereto, it was found by the master in the present suit that in the months of August, September and October, 1915, the defendant Goldman received specified sums of money from the manufacturing company amounting to $7,457.40, and deposited them in a bank in his own name, mingling them with his personal funds. On October 4, 1915, there was in Goldman's hands $2,235.26, money of the manufacturing company; but this apparently has been paid over by him, under the decrees in *Manufacturers National Bank* v. *Simon Manuf. Co.* 233 Mass. 85. As to the balance ($5,222.14), the adjudication of the Superior Court is: "That the transfer of the property and assets, amounting to five thousand two hundred twenty-two and 40/100 ($5,222.40) dollars by the Simon Manufacturing Company to the defendant Moses Goldman was fraudulently conveyed by said Simon Manufacturing Company and received by said Moses Goldman on or before October 4, 1915, and that he be held liable for said sum, together with interest from October 4, 1915, to the date of payment." The judge found, that by reason of the defendant Goldman's fraud, he is indebted to the plaintiff to the extent of the $2,500 paid to take up the note, with interest and protest fees. The decree was in accordance with, and warranted by, the findings of the master and of the trial judge.

*Decree affirmed with costs.*