## DOULLUT & WILLIAMS COMPANY, INC., *v*. UNITED STATES

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF LOUISIANA.

Nos. 317 and 318. Argued March 20, 1925.—Decided April 13, 1925.

Admiralty has jurisdiction of a suit to recover damages for injuries inflicted by merchant vessels on clusters of piles, constituting no part or extension of the shore, driven into the bottom of a river, in that way only attached to the land, completely surrounded by navigable water, and used exclusively as aids to navigation. P. 34.

Reversed.

APPEALS from decrees of the District Court dismissing for want of jurisdiction two libels brought against the United States, under the Act of March 9, 1920, to recover damages for injuries to piling occasioned by its vessels.

*Mr. E. Howard McCaleb*, for appellant, submitted.

*Mr. J. Frank Staley*, Special Assistant to the Attorney General, with whom the *Solicitor General* was on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The pleadings and proof in these causes are substantially identical except as to names of vessels, dates of accidents and damages claimed. Relying upon the act of Congress approved March 9, 1920, c. 95, 41 Stat. 525, the appellant instituted proceedings in admiralty to recover damages from the United States for injuries inflicted by their merchant vessels, The City of Elwood and The Galveston, upon clusters of piling standing in the Mississippi River at New Orleans, one hundred and fifty feet from low water mark. The court below dismissed the

55627°—25——3

libels for want of jurisdiction, and that action is now challenged.

We copy from the libels and accept the following description of the injured structures—

"Said piling cluster consists of five wooden piles or timbers, each of approximately sixty feet in length, firmly driven in and attached to the bottom of the river, fastened and held together as a unit having a diameter of not more than four feet, the depth of the water surrounding them being at all times not less than sixteen feet, said pile cluster extending perpendicularly about twenty-five feet out of and above the water. . . . That at no time has said pile cluster any connections either actual or anticipated nor has it any connections for any purpose whatever with the shore of said River or with anything on said shores, either of a temporary, prospective or permanent character and either actual or anticipated with any commerce on land or anything connected with land or with the shores of said River. That libellant had and has authority from the proper governmental authorities to erect, maintain and use said pile cluster for such marine purposes as said cluster may be adapted and used. . . . That at times of the swift current of the Mississippi River and during bad weather said pile cluster is used by vessels to tie up to so as to avoid anchor dragging and likewise to lessen the dangers of collision with other vessels whilst navigating in said River. . . . At no time do any vessels use said pile cluster to load or unload cargo or passengers, said pile cluster being incapable of so being used and incapable of being used for any commerce on land and incapable of being used for any purpose except in the operation, maintenance and navigation of vessels in navigable water and in aid of their navigation or in aid of commerce on water, and having no relation or connection with land or land commerce."

The damaged piles constituted no part or extension of the shore as wharves, bridges and piers do. Although

driven into the bottom of the river and attached in that way only to the land, they were completely surrounded by navigable water and were used exclusively as aids to navigation. We think injuries to them by a ship come fairly within the principle approved by *The Blackheath,* 195 U. S. 361, and *The Raithmoor,* 241 U. S. 166. See *Hughes on Admiralty,* 2d ed., § 100.

The District Court erred in denying jurisdiction, and its decree must be reversed.

*Reversed.*