## THE KOYU MARU.

(District Court, W. D. Washington, S. D. October 28, 1926.)

No. 5570.

Admiralty ⟨☞⟩19.

Injury to raft of logs tied to mill boom within harbor area *held* within admiralty jurisdiction as being injury to instrumentality of waterborne commerce, inflicted on navigable water.

In Admiralty. Libel by the General Package Manufacturing Company against the steamship Koyu Maru, her tackle, apparel, furniture, and equipment, claimed by the Hiroumi Shoji Kabushiki Kaisha. On claimant's exception to libel. Exception overruled.

Theo. B. Bruener, of Aberdeen, Wash., for libelant.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for claimant and respondent.

CUSHMAN, District Judge. The libel alleges that, because of the negligent manner in which the respondent vessel was maneuvered in the navigable waters of the Chehalis river, it collided with a raft of logs belonging to the libelant. Concerning this raft the libelant alleges:

"That on Wednesday, the 25th day of August, 1926, the said libelant owned and operated a mill boom for the storage of logs in front of its upland and in the harbor area which it had under lease from the state of Washington. That on said day a raft of logs was owned by the said libelant and was tied to said mill boom on the outside thereof and within the confines of the harbor area and inside the pierhead line established by the United States engineers of the United States of America. That said raft of logs was securely tied to said mill boom and was lying within the waters of the Chehalis river, within the harbor area and inside the pierhead line as established. That said raft of logs contained 151,939 feet of spruce logs, of the reasonable value of $2,816.77. That said raft of logs was contained in boom sticks and held together by means of said boom sticks and chains and swifters of the reasonable value of $1,000."

Claimant and respondent except, contending that the cause is not within the jurisdiction of a court of admiralty. Claimant and respondent cite: The Steamship Joh. Ludw. Mowinckel, cause No. 4346, U. S. Dist. Ct., Wash., S. D. (no written opinion); The Baron Jedburgh (D. C.) 299 F. 960; City of Erie v. Canfield, 27 Mich. 479; Lermond's Case,

122 Me. 319, 119 A. 864; The Mackinaw (D. C.) 165 F. 351; The Sumanco (D. C.) 4 F. (2d) 617, 1925 A. M. C. 553; Doullut & Williams Co. v. United States, 268 U. S. 33, 45 S. Ct. 411, 69 L. Ed. 832, 1925 A. M. C. 641.

In Lermond's Case, 122 Me. 319, 119 A. 864, the libelant was injured in falling, by striking a bumper log 70 or 80 feet long, fastened at both ends to a wharf by wire cables; these cables were 7½ feet long, and did not at any stage of the water permit the log to drift a greater distance from the wharf. It was held that the bumper log was not an aid to navigation; that it was a fender to protect the wharf, as well as the vessel, therefore a part of the wharf, a land structure.

The injury described in the present libel is one to a raft, an instrumentality of waterborne commerce, inflicted upon navigable water, and the case is therefore within the jurisdiction of a court of admiralty. The Plymouth, 3 Wall. 20, 18 L. Ed. 125; The Propeller Genesee Chief, etc., 12 How. 443, 13 L. Ed. 1058; Atl. Trans. Co. of West Va. v. Imbrovek, 234 U. S. 52, 34 S. Ct. 933, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; State Industrial Com., etc., v. Nordenholt Corp. et al., 259 U. S. 263, at page 271, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013; Dailey v. City of New York et al. (D. C.) 128 F. 796; In re P. Sanford Ross, Inc. (D. C.) 196 F. 921.

Exception overruled.