**MOORE–McCORMACK LINES, Inc. v. AMIRAULT et al.**

No. 4679.

United States Court of Appeals First Circuit.

March 19, 1953.

As Modified March 30, 1953.

894

Leo F. Glynn, Boston, Mass. (Thomas H. Walsh, Boston, Mass., on the brief), for appellant.

Arthur J. Santry, Boston, Mass. (Putnam, Bell, Dutch & Santry, Boston, Mass., on the brief), for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

On March 15, 1950, a joint civil action was filed in the court below by the five plaintiffs, citizens of Massachusetts, seeking to recover from Moore-McCormack Lines, Inc., a Delaware corporation, money damages for personal injuries, and for losses of personal property, suffered by them as a result of a collision on the high seas between the fishing vessel Corinthian of Gloucester, Massachusetts, and defendant's freighter, the S.S. Mormacfir. The complaint alleged that plaintiffs were all members of the crew of the fishing vessel and were precipitated into the sea when she sank after being rammed in dense fog by the negligence of the steamship.

After an answer was filed denying liability, the parties on December 8, 1951, entered into a stipulation under which liability of the defendant was admitted, and the determination of the amount of damages sustained by each of the plaintiffs was referred to an auditor.

The auditor duly made his report, assessing the total damages sustained by each of the plaintiffs as follows: Amirault $5,595.80, Zeeman $12,945.25, Jerome Noble $13,383, Jerome Noble, Jr., $5,209.80, Goodick $11,095.15. Defendant's exceptions to the auditor's report were overruled and the report was affirmed by the district judge. Plaintiffs moved for judgment in accordance with the auditor's report, which motion the court allowed, and pursuant thereto judgment was entered May 16, 1952, awarding damages to the five plaintiffs in the respective amounts above stated, with costs.

Subsequently the clerk, by authority of the court, amended this judgment by adding in each instance to the amount of total damages assessed by the auditor a sum by way of interest thereon at 6 per cent from March 15, 1950, the date the complaint was filed, to May 16, 1952, the date of the entry of the original judgment.

Upon denial of its motion to strike from the judgment this allowance of interest defendant took the present appeal, upon which the only point presented is that the foregoing allowance of interest was erroneous as a matter of law.

Appellant contends that the district court disregarded what is said to be the mandatory provision of 28 U.S.C. § 1961 to the effect that interest shall be calculated only

from the date of the entry of the judgment. The section reads:

> "Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

On the other hand, appellees defend the district court's award of interest as being a proper and required application of § 6B of Ch. 231, Mass.G.L.(Ter.Ed.), as amended by Ch. 244, Laws 1951, reading as follows:

> "In any action of tort in which a verdict is rendered or a finding made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon from the date of the writ, even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law."

In considering these opposing contentions, distinction must be made between (1) the running of interest upon a judgment debt from the date the judgment was entered to the date of payment, and (2) the allowance of pre-judgment interest to be included as an item of damages in the total amount of an ensuing money judgment, in order that the plaintiff may be more fully and justly compensated for the wrong complained of. The latter may be regarded as part of the substance of the claim sued upon, for which a money judgment is sought. The Massachusetts General Laws presently contain provisions covering both these situations. Section 6B of Ch. 231, as amended, provides that in actions of tort for personal injuries or damage to property there shall be added to the amount of damages as found by the jury "interest thereon from the date of the writ". Section 8 of Ch. 235 provides that every "judgment for the payment of money shall bear interest from the day of its rendition." There is no inconsistency between these two provisions of law.

28 U.S.C. § 1961 belongs in category (1) above. The provision goes back to § 8 of the Act of August 23, 1842, 5 Stat. 518. The purpose was simply to provide that money judgments of federal courts should bear interest from the date of the entry of the judgment, collectible in the same way and at the same rate as provided in the local state law for the allowance of interest on money judgments recovered in the state courts. Interest upon the amount of a money judgment rendered by a federal court runs automatically, by the mandatory provision of 28 U.S.C. § 1961, even though the judgment itself—as in the case at bar—contains no specific award of such interest. Blair v. Durham, 6 Cir., 1943, 139 F.2d 260. This is provided for as a matter of routine in the writ of execution issued by the Clerk of the Court to the U. S. Marshal commanding him to cause to be paid and satisfied unto the judgment creditor, out of the property of the judgment debtor within the district, the amount awarded in the money judgment "with interest thereon from said day of the rendition of said judgment". But 28 U.S.C. § 1961 has no bearing on the problem whether pre-judgment interest is allowable as an item of damages on a particular claim, to be included in the total amount of the money judgment. As to that we must seek elsewhere for the applicable rule of law.

In the leading case of Massachusetts Benefit Ass'n v. Miles, 1891, 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834, the plaintiff as beneficiary of a life insurance policy sued in a state court to recover the face amount of the policy, with interest. The defendant obtained the removal of the case to the federal court on the ground of diversity of citizenship. A jury verdict in favor of the plaintiff was rendered on October 18, but judgment thereon was not entered until two weeks later. It was held that this judgment of the federal court should be taken to include interest on the amount found by the jury, from the date of the

896

verdict, pursuant to the provision of a state statute to the effect that every general judgment entered upon a verdict for a specific sum of money "shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding." The Supreme Court said, 137 U.S. at page 691, 11 S.Ct. at page 235, that R.S. § 966 [now found in 28 U.S.C. § 1961] "while providing only for interest upon judgments, does not exclude the idea of a power in the several states to allow interest upon verdicts, and, where such allowance is expressly made by a state statute, we consider it a right given to a successful plaintiff, of which he ought not to be deprived by a removal of his case to the federal court. The courts of the state and the federal courts sitting within the state should be in harmony upon this point." This case is cited with approval in Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477. New Amsterdam Casualty Co. v. Soileau, 5 Cir., 1948, 167 F.2d 767, 771, 6 A.L.R.2d 128, was an action for damages for personal injuries alleged to have been inflicted in the Parish of Evangeline, Louisiana, as a result of the alleged negligence of defendant in loading a piece of heavy machinery onto a truck. The case was brought in the federal district court of Louisiana solely on the basis of diversity of citizenship. Verdict having been found for the plaintiff in the sum of $15,000, it was held that the federal court, in rendering judgment thereon, should apply a Louisiana statute, Act No. 206 of 1916, LSA–R.S. 13:4203, providing "that legal interest shall, hereafter, attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts in this State." The reasoning was that the substantive law of the state was applicable; and that the state statute allowing interest from the date of filing suit created "a substantive right" affecting the amount of damages recoverable by money judgment. Therefore the federal court in such a diversity case was bound to apply the state statute.

But quite a different situation is presented when action is brought on a claim arising under federal, not state, law. See Brooklyn Savings Bank v. O'Neil, 1945, 324 U.S. 697, 714–716, 65 S.Ct. 895, 89 L.Ed. 1296, dealing with suits by employees under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b). As a further familiar instance, take an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. A federal court in which such action is brought, in determining the items of damage to be awarded in a money judgment by way of compensation for the wrong, will not apply a state statute under which pre-judgment interest is allowed as an item of damages in torts cases. Louisiana & Arkansas Ry. Co. v. Pratt, 5 Cir., 1944, 142 F.2d 847, 153 A.L.R. 851; Chicago, M., St. P. & Pac. R. R. Co. v. Busby, 9 Cir., 1930, 41 F.2d 617; Cortes v. Baltimore Insular Line, 2 Cir., 1933, 66 F.2d 526. Even in a case where action on a death claim under the Federal Employers' Liability Act was brought in a state court, as in Murmann v. New York, N. H. & H. R. R. Co., 1932, 258 N.Y. 447, 180 N.E. 114, it was held that the state court could not apply a section of the local decedent estate law providing that, in an action to recover damages for death, interest from the date of the death shall be added to the amount of the verdict.

In the case at bar, since diversity of citizenship is alleged in the complaint, appellees contend that this should be treated as a "typical diversity case" under which interest from the date of the writ should be allowed as provided in § 6B, Ch. 231, Mass. G.L.

But this is not a "typical diversity case" under which a federal district court sitting in Massachusetts would be obliged to apply the local substantive law of Massachusetts in accordance with Erie R. R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The claims sued on here were not based upon Massachusetts law, but were for maritime torts. It is well settled that by force of the Constitution itself, when a common law action is brought, whether in a state or in a federal court, to enforce a cause of action

cognizable in admiralty, the substantive law to be applied is the same as would be applied in an admiralty court—that is, the general maritime law, as developed and declared, in the last analysis, by the Supreme Court of the United States, or as modified from time to time by Act of Congress. Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212, 216, and cases cited. The fortuitous circumstance that in the present case there was diversity of citizenship between the parties plaintiff and defendant may give an added basis for jurisdiction in the federal district court, under 28 U.S.C. § 1332. But whether such diversity existed or not, it is still true that the substantive law to be applied in determining both liability and the amount of damages to be embodied in the money judgment is federal law, not state law. In this respect there is an analogy to actions under the Federal Employers' Liability Act; the substantive law to be applied is federal law, whether or not there is diversity of citizenship, and the existence of such diversity does not turn the case into a "typical diversity case". Indeed, as we fully explained in Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, a civil action on a maritime claim might be maintained on the law side of a federal district court even in the absence of diversity of citizenship, since the maritime claim is one that "arises under the Constitution" within the meaning of 28 U.S. C. § 1331. Furthermore, even if the action had been brought in a Massachusetts state court, the substantive law to be applied would still be federal law. Thorneal v. Cape Pond Ice Co., 1947, 321 Mass. 528, 74 N.E.2d 5. It may be doubted whether the

state court in such a case would apply § 6B of Ch. 231 so as to augment the recoverable damages by the allowance of interest from the date of the writ. Cf. Murmann v. New York, N. H. & H. R. R. Co., 1932, 258 N.Y. 447, 180 N.E. 114. But of course we do not have to decide that question here.[1] However that may be, it is clear that such a state statute is not applicable in a federal district court to augment damages in a case like the present, where the claim is founded upon federal law.

What, then, is the federal rule to be applied, in a torts case such as the one at bar, in determining whether pre-judgment interest is to be allowed as an item of recoverable damages? There is no controlling Act of Congress or federal rule of civil procedure on the subject. Where action is upon a demand for a liquidated sum, no doubt the federal courts would apply the general common law rule that the plaintiff is entitled to interest, by way of damages, from the time when payment was due. Armstrong v. American Exchange Nat. Bank, 1890, 133 U.S. 433, 470, 10 S.Ct. 450, 33 L. Ed. 747; 5 Williston on Contracts (Rev. Ed.) § 1413. But where action is upon an unliquidated claim, such as the typical tort claim, the federal cases, at least the older ones, have tended to hold that interest cannot be allowed from any date prior to the date of judicial ascertainment of the amount of damages. See Mowry v. Whitney, 1871, 14 Wall. 620, 653, 20 L.Ed. 860; Louisiana & Arkansas Ry. Co. v. Pratt, 5 Cir., 1944, 142 F.2d 847, 848, 153 A.L.R. 851. See United States v. Skinner & Eddy Corp., D.C.W.D.Wash.1928, 28 F.2d 373, 385–86, decree modified, 9 Cir., 1929, 35 F.2d 889.

---

1. In a tort action in a Massachusetts state court founded on federal law, whether under the general maritime law or under a statute such as the Federal Employers' Liability Act, possibly Massachusetts could constitutionally apply a statute such as § 6B of Ch. 231, regarded in that respect as a local rule of practice designed to lift from the plaintiff the burden of the inevitable delay between the date of filing suit and the date of adjudication. By allowing interest upon the amount of the ultimate verdict, from the date of the writ, the result would be the same as if the money judg-

ment could have been obtained on the day the action was instituted, since a money judgment, in Massachusetts and generally elsewhere, bears interest from the date of the entry of the judgment until the date the judgment is satisfied. But whether the state court could constitutionally apply § 6B of Ch. 231 in the case supposed would raise a federal question reviewable by the Supreme Court on certiorari under 28 U.S.C. § 1257(3). See Garrett v. Moore-McCormack Co., Inc., 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L. Ed. 239; Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 842.

This common law distinction between liquidated and unliquidated claims, in the manner of allowance of interest, has not escaped criticism. See Funkhouser v. J. B. Preston Co., Inc., 1933, 290 U.S. 163, 166, 168, 54 S. Ct. 134, 78 L.Ed. 243, quoting from Faber v. City of New York, 1918, 222 N.Y. 255, 262, 118 N.E. 609; 5 Williston on Contracts (Rev.Ed.) § 1413. But we are aware of no federal precedent, involving a civil action brought in a federal court upon a tort claim based upon federal law, in which it has been held that the plaintiff is entitled as an additional element of damages to the award of interest upon the amount of the verdict, from the date the cause of action accrued, or from any other date prior to the judicial ascertainment of the amount of damages.

The federal courts sitting in admiralty have shown somewhat more flexibility in the award of interest on claims unliquidated in nature. It is said that the award of interest in such cases lies in the discretion of the admiralty court. The Wright, 2 Cir., 1940, 109 F.2d 699, 702; 3 Benedict on Admiralty (6th ed. 1940) § 419. Where under the particular circumstances it has been deemed inequitable to allow interest prior to the date of the final decree, such allowance has been denied. The Mary B. Curtis, 5 Cir., 1918, 250 F. 9, 18. But in collision cases the common statement is that, in the absence of special circumstances, interest on the damages eventually awarded to the owner of the damaged vessel should be computed from the date of the collision, or from the dates when payments for the necessary repairs were actually made. See Petition of Buckeye S. S. Co., D.C.N.D. Ohio 1950, 93 F.Supp. 818, 821; In re Great Lakes Dredge & Dock Co., D.C.D.Mass. 1917, 250 F. 916, 917; The El Monte, 5 Cir., 1918, 252 F. 59, 64; The Kia Ora, 4 Cir., 1918, 252 F. 507, 511. See also The President Madison, 9 Cir., 1937, 91 F.2d 835, 846–847; The Wright, 2 Cir., 1940, 109 F.2d 699, 702.

But whatever the logic of the matter, it is at least doubtful whether an admiralty court, as a matter of discretion, would award interest on the usual unliquidated claim in tort for personal injuries from a date prior to the entry of the final decree.

Such award of interest was denied in Burrows v. Lownsdale, 9 Cir., 1904, 133 F. 250; The Argo, 9 Cir., 1914, 210 F. 872. See also Union Steamboat Co. v. Chaffin's Adm'rs, 7 Cir., 1913, 204 F. 412; Union Steamboat Co. v. Fitzgibbons, 7 Cir., 1919, 261 F. 768, 770. But see, however, the discussion of the court in Thompson Towing & Wrecking Ass'n v. McGregor, 6 Cir., 1913, 207 F. 209, 221.

Wherever under the settled principles of general maritime law, as developed in the courts of admiralty, pre-decree interest is allowed as an element of damages on a particular type of maritime tort claim, it may be that if the injured party chooses to bring a civil action on such maritime tort on the law side of a federal or state court, under the so-called "saving clause", he should be entitled to recover by way of damages the same amount of interest. Cf. Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 838–839. That would be so if the recovery of such interest is regarded as of the substance of his maritime right, for, as pointed out above, regardless of the forum in which action is brought on a maritime claim, the substantive law to be applied is the general maritime law.

■ We mention the problems discussed in the preceding four paragraphs merely to make clear that we reserve judgment upon them, since the present case, as it comes to us, does not require their determination. Here the stipulation of the parties committed to an auditor "the determination of the amount of damages sustained by each of the plaintiffs". No doubt a large portion of the total damages reported by the auditor was for physical and mental pain and suffering, an item incapable of exact mathematical computation. For all we know, the auditor might have made his total award liberal enough to include an item equivalent to interest. See Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 839. Be that as it may, the auditor's report finding the total damages suffered by each of the plaintiffs was approved by the district court. The plaintiffs themselves moved for judgment in accordance with the auditor's report, with no suggestion that the amount of damages found by the auditor should

be increased by the award of an item of interest. The district judge allowed this motion and originally entered judgment in the respective amounts of the total damages as found by the auditor. In subsequently amending the judgment so as to increase the amounts awarded by addition of the items of interest, it is obvious that the district judge did not suppose that he was merely acting in accordance with the discretion which might have been exercised by an admiralty court in such matter. It was too late for him to do that, even if as an original question interest might have been a proper element of damages to be included in the judgment. From the amounts of interest added, it appears that what the district judge did was to apply § 6B of Ch. 231 of Mass.G.L. providing for interest on the amount of a plaintiff's verdict in tort cases to be computed from the date of the writ. The only issue argued to us on appeal was whether this state statute was properly applicable to enhance the money damages awarded in the judgment of the federal district court. We are clear that it was not.

The judgment of the District Court is modified by striking out the interpolated items of interest, and as so modified is affirmed; the appellant recovers costs on appeal.