**NEWBURGH LAND & DOCK COMPANY**

v.

**The TEXAS COMPANY.**

No. 67, Docket 23637.

United States Court of Appeals Second Circuit.

Argued Oct. 7, 1955.

Decided Nov. 7, 1955.

Monroe J. Cahn, Warner Pyne, Pyne, Brush, Smith & Michelsen, Pyne, Lynch & Smith, New York City, Anthony V. Lynch, New York City, James A. Dilkes, Brooklyn, N. Y., of counsel, for appellant.

Louis Feren, Gair & Gair, New York City, Benjamin H. Siff, New York City, of counsel, for appellee.

Before HAND, MEDINA and LUMBARD, Circuit Judges.

HAND, Circuit Judge.

The defendant appeals from so much of a judgment as allowed interest upon the verdict of a jury from the time when the loss occurred instead of from the entry of the judgment. The issue arose in the following way. The plaintiff, a New York corporation, sued the defendant, a Delaware corporation, in the District Court to recover damages for injuries to its "floating dock," moored in the Hudson River at Newburgh, New York, caused by the negligent navigation of the defendant's tug and barges. The case was tried to a jury before Ryan, J., and the jury brought in a verdict of $22,500 for the plaintiff, from judgment on which the defendant has not appealed. After the jury had been discharged the plaintiff moved the court for the allowance of interest upon the verdict from the date of the collision, although it had not asked the judge to instruct the jury that in its discretion it might add interest, and it did not appear that the jury had done so. However, the judge held that interest was allowable as of course, and did not therefore need an award of the jury; and for that reason he added it at the rate of six per cent to the amount of the verdict, and directed judgment accordingly. He did this because the jurisdiction of the District Court was not founded upon the admiralty clause of the Constitution, but upon diverse citizenship; and, the action being therefore at law, the state rule should prevail. He further held that under the law of New York an award of interest followed automatically upon a verdict for unliquidated damages, not only in an action for personal injuries, but for injuries to property as well. As the appeal concerns only this part of the judgment it is confined to the following two questions. Does the law of New York or the maritime law control? If the second, what is the maritime law upon the subject?

We start with the premise that the wrong arose under the maritime law,[1] albeit, in the words of the plaintiff, it was an action of "trespass." This has been held to follow from the grant of jurisdiction in the Constitution, Art. III, § 2, cl. 1, to federal courts over "all Cases of admiralty and maritime Jurisdiction,"[2] although as a new question, the conclusion does not seem to have been inevitable. This has, however, left in confusion what law determines the liability that arises from injuries occurring on the navigable waters of a state. It would have been possible to hold that the maritime law was of itself a definitive corpus juris that altogether displaced the state law; and in Steamboat Co. v. Chase, 16 Wall. 522, 21 L.Ed. 369, the Court possibly had in mind some such notion, for it decided the case as though the claim of the representative of a decedent, who had been drowned through the defendant's fault, arose under maritime law, and as though the only question was of the survival of the pre-existing claim.

1. Doullut & Williams Co. v. United States, 268 U.S. 33, 45 S.Ct. 411, 69 L.Ed. 832.

2. The Lottawanna, 21 Wall. 558, 574, 22 L.Ed. 654.

That position is no longer tenable;[3] and indeed—with deference—it never was, except in so far as the representative is allowed to recover for the suffering of the decedent before he dies. Moreover, even if it had been true that the state statute only provided for the survival of the decedent's claim, the question would still remain why, if the maritime law is the only source of any right and liability, the state may modify so important an incident. When the question arose of the survival of a claim against the tortfeasor, the Court recognized [4] that it could not be decided as a matter of procedure, or under § 1333(1) of Title 28 which saves "to suitors in all cases all other remedies to which they are otherwise entitled"; and so it held, 312 U.S. at pages 387, 388, 61 S.Ct. at page 691; that a claim arose under a state statute that must be recognized in a limitation proceeding in the admiralty. It was not, it said, "a principle of our maritime law that a court of admiralty must invariably refuse to recognize and enforce a liability which the State has established in dealing with a maritime subject. * * * With respect to maritime torts we have held that the State may modify or supplement the maritime law by creating liability which a court of admiralty will recognize and enforce when the state action is not hostile to the characteristic features of the maritime law or inconsistent with federal legislation." Indeed, before that decision even Holmes, J., when speaking for the minority in Southern Pacific Co. v. Jensen, 244 U.S. 205, at page 222, 37 S.Ct. 524, 531, 61 L.Ed. 1086, had conceded, "that in some cases different principles of liability would be applied as the suit should happen to be brought in a common law or admiralty court." Whether that was inconsistent with the rationale of his dissent, which rested upon the thesis that the maritime law applies to what occurs within the territorial boundaries of a state only so far as the state has not otherwise provided, we need not inquire; the point is that some exceptions to the paramountcy of the maritime law have always been recognized; and the case at bar turns upon whether the award of interest is among these. The niceties that have arisen as to when a workmen's compensation act will supersede liability for tort under the maritime law, serve to show the uncertainties that pervade the subject; but, as they have only an indirect bearing upon this case, we think it unnecessary to try to thread a way through the distinctions.[5]

So far as we can see, there is no clue in the opinions as to how far the state law may invade the maritime law to call up "the spectre of a lack of uniformity" which is thought to be so essential to that law. Here we have to do with the measure of damages, for interest is awarded on the theory that it is indemnity for the delay in paying for the loss; and it appears to us that Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, comes near enough to serve as a precedent. It is true that in that case the issue was between an out-and-out bar to the action and a division of damages; and it may be argued that it more deeply invades the maritime law to deny all damages whatever instead of awarding them in part, than it does to award full damages unconditionally instead of at discretion. Yet, if a court awards full compensation unconditionally instead of granting it at discretion, is that a difference of more than form from the other situation? Compensation is the sanction that follows upon the wrong

3. Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 69, 33 S.Ct. 192, 57 L.Ed. 417.

4. Just v. Chambers, 312 U.S. 383, 61 S. Ct. 687, 85 L.Ed. 903.

5. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086; Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834; Spencer Kellogg & Sons v. Hicks, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903; P. J. Carlin Const. Co. v. Heaney, 299 U.S. 41, 57 S.Ct. 75, 81 L.Ed. 27.

and that alone makes it a liability; and for that reason it appears to us that the liability varies with the extent of the indemnity. If, for example, the state rule denied all interest before verdict, and the maritime rule granted interest unconditionally, surely the second would prevail. Perhaps that would be a wider variance than that between a discretionary and an unconditional award of full indemnity; but it seems to us wide enough, for a discretionary award involves a train of determinants not present at all when it is unconditional. We confess that we do not find any certain guidance; but we accept the ruling of the First Circuit in Moore-McCormack Lines, Inc., v. Amirault, 202 F.2d 893, that even a state statute does not control the date from which interest shall begin to run, when the liability arises in the navigable waters of a state.

 The rule of New York, though it has been so established only by a recent change in its decisions, is indeed as authoritative as a statute; and the decisions of that state are that interest runs from the date of the injury upon an award for damages to property. It is quite true that in Wilson v. City of Troy, 135 N.Y. 96, 32 N.E. 44, 18 L.R.A. 449, the New York Court of Appeals, in holding for the first time that the plaintiff might recover any interest at all before judgment upon a claim for unliquidated damages to property put the allowance of it in the discretion of the trial court; and we will assume that this remained the law of that state until the decision of the same court in Flamm v. Noble, 296 N.Y. 262, at page 268, 72 N.E.2d

886, 171 A.L.R. 812. However, there the court spoke of any distinction as "manifestly unsound" between unliquidated damages for fraud and for injuries to property; and, although, as the plaintiff says, that was only a dictum, the lower courts of that state have taken it as authoritative,[6] and so must we. We do not forget Murmann v. New York, New Haven & Hartford R. Co., 258 N.Y. 447, 180 N.E. 114, because (besides being earlier than Flamm v. Noble, supra, 296 N.Y. 262, 72 N.E.2d 886), it merely decided that the New York Decedent Estate Law, McK.Consol.Laws, c. 13, neither did, nor could, control the award of interest upon a claim arising under a federal statute. We have twice held that interest before decree runs upon an award under the maritime law only when allowed in the discretion of the court.[7]

 Had the dispute arisen in an admiralty suit, it would have been possible to remand the decree so that the judge might exercise his discretion; but that is not so here, if it is the jury who have the discretion, because the plaintiff at no time asked that the question should be left to them. It is the federal law that in actions at law when the award of interest rests in discretion, it is the jury who must exercise it,[8] and it follows that we may not remand the case to the judge, but that we must modify the judgment by striking out the award of interest, and direct judgment to be entered for the amount of the verdict only.

Judgment modified by striking out the award of interest. Judgment to be entered for the amount of the verdict only.

6. Harmon & Regalia, Inc., v. City of New York, 286 App.Div. 825, 141 N.Y.S.2d 877.

7. The Wright, 2 Cir., 109 F.2d 699; O'Donnell Transportation Co. v. City of New York, 2 Cir., 215 F.2d 92, 95.

8. Lincoln v. Claflin, 7 Wall. 132, 139, 19 L.Ed. 106; Eddy v. Lafayette, 163 U.S. 456, 467, 16 S.Ct. 1082, 41 L.Ed. 225; Jones v. United States, 258 U.S. 40, 49, 42 S.Ct. 218, 66 L.Ed. 453; Louisville & Nashville R. Co. v. Sloss-Sheffield S. & I. Co., 5 Cir., 295 F. 53, 60; Roth v. Fabrikant Bros., 2 Cir., 175 F.2d 665, 669.