Joseph PARISI, Plaintiff,

v.

LADY IN BLUE, INC., Defendant.

Civ. A. No. 73–2817–G.

United States District Court,
D. Massachusetts.

July 8, 1977.

Ronald Horvitz, Boston, Mass., for plaintiff.

Carroll E. Ayers, Curley, Ayers & Curley, Wakefield, Mass., for defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR PRE–JUDGMENT INTEREST

MALETZ, Judge:[1]

This is an action for damages arising out of personal injuries allegedly sustained by plaintiff while he was employed as a fisherman on the F/V LADY IN BLUE. The action was in three counts: count I for negligence under the Jones Act (46 U.S.C. 688); count II for unseaworthiness under the general maritime law; and count III for maintenance and cure. Counts I and II were tried before a jury, while, by agreement of the parties, count III for maintenance and cure was reserved for the court.

The jury awarded plaintiff verdicts of $31,500 on the Jones Act and unseaworthiness counts while the court awarded $3,963.20 for maintenance and cure, bringing plaintiff's total recovery to $35,463.20.

Against this background, plaintiff moves that this court award pre-judgment interest on the verdicts rendered on counts I, II and III, with such interest to be assessed from the day the plaintiff was injured and in an amount equal to the prevailing rate of interest established by the State law of Massachusetts.

Turning to counts I and II, it must be concluded that in the circumstances of this case pre-judgment interest may not be awarded. To begin with, the law applicable to those counts is not the substantive law of Massachusetts but rather the general federal maritime law. See, e. g., *Moore-McCormack Lines v. Amirault*, 202 F.2d 893, 896–7 (1st Cir. 1953); *Newburgh Land & Dock Company v. Texas Company*, 227 F.2d 732, 735 (2d Cir. 1955). And under the general federal maritime law when a verdict is committed to jury discretion—as it was in the case of counts I and II—the question of whether or not pre-judgment interest is to be allowed is within the exclusive province of the jury.

Directly in point on this aspect is *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir. 1973). In that case, the plaintiff fisherman was injured while at sea and sued for negligence under the Jones Act and for unseaworthiness and maintenance and cure under the general maritime law. The three counts were tried before a jury which awarded plaintiff verdicts of $45,000 on the Jones Act and unseaworthiness counts and $21,366.06 on the maintenance and cure claim, or a total of $66,366.06. On entering judgment, the trial court added pre-judgment interest in the amount of $9,589.90 bringing plaintiff's total recovery to $75,955.96. On appeal, the court of appeals held, however, that since this case arose under the general maritime law, the trial court's award of pre-judgment interest violated the province of the jury and could not stand. The court pointed out that even though the plaintiff included demands for interest in his complaint, he did not request that the jury be instructed that it might in its discretion add pre-judgment interest to its award, and that it would therefore be inappropriate to remand this issue to the trial court for further consideration. More specifically, the appellate court in *Robinson* first quoted (477 F.2d at 1052) the following from its prior decision in *Moore-McCormack Lines*:

> The claims sued on here were not based upon Massachusetts law, but were for maritime torts. It is well settled that by force of the Constitution itself, when a common law action is brought, whether in a state or in a federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied is the same as would be applied in an admiralty court—that is, the general maritime law, * * * * The fortuitous circumstance that in the present case there was diversity of citizenship between the parties plaintiff and defendant may give an added basis for jurisdiction in the federal district court, under 28 U.S.C. § 1332. But whether such diversity existed or

1. Judge of the United States Customs Court sitting by designation pursuant to 28 U.S.C. 293(b).

not, it is still true that the substantive law to be applied in determining both liability and the amount of damages to be embodied in the money judgment is federal law, not state law. *Id.* 202 F.2d at 896–897.

The court in *Robinson* then added the following statement which is particularly pertinent with regard to the issue here (477 F.2d at 1053):

> * * * In light of this express authority, we may assume that this pre-judgment interest award was entered pursuant to the federal maritime rule.

The further question which arises, of course, is whether the trial court abused its discretion in making this award. In this regard we find *Newburgh Land & Dock Company v. Texas Company, supra,* [227 F.2d 732 (2d Cir. 1955)] instructive. In that case, a diversity action in which the trial court added pre-judgment interest to a jury verdict for collision damages, the second circuit, in vacating this award, observed: "[i]t is the federal law that in actions at law when the award of interest rests in discretion, it is the jury who must exercise it. . . ." *Id.* at 735. Given this rule, it is apparent that the trial court's award of pre-judgment interest in the instant case violated the province of the jury and therefore may not stand. In addition, although plaintiff did include demands for interest in his complaint, since he did not request that the jury be instructed that it might, in its discretion, add pre-judgment interest to its award, we conclude that it would be inappropriate to remand this issue to the trial court for further consideration. *See Newburgh Land & Dock Company v. Texas Company, supra,* at 735.

■ Here, as in *Robinson*, the plaintiff requested interest in his complaint but did not request that the jury be instructed that it might, in its discretion, add pre-judgment interest to its award. In these circumstances, the present trial judge lacks authority to award pre-judgment interest to the verdict as entered by the jury under counts I and II.

■ Plaintiff, however, argues that since, by agreement of the parties, the trial judge was the trier of fact under count III covering maintenance and cure, the judge shared with the jury the fact-finding functions under counts I and II particularly since there were basic issues of fact common to all three counts. The difficulty with this argument is that each of the three counts involved a different factual situation, with the jury the trier of fact of the first two counts and the trial judge the trier of the third count. Hence, plaintiff's argument that the trial judge shared in the fact-finding functions under counts I and II is without merit.

■ Turning now to count III for maintenance and cure, the awarding of pre-judgment interest rests within the sound discretion of the trial judge, since in this instance the trial judge was the trier of fact. In exercising this discretion, it is appropriate to consider whether it would be equitable or inequitable under the particular circumstances of this case to allow interest prior to the date of the final judgment considering such factors as the desire to make the injured party whole; whether such payment is deemed necessary to indemnify plaintiff for any delay in paying for the loss; etc. See, e. g., *American Union Transport Co. v. Aguadilla Terminal, Inc.,* 302 F.2d 394, 396 (1st Cir. 1962); *Moore-McCormack Lines v. Amirault, supra,* 202 F.2d at 895; *Newburgh Land & Dock Company v. Texas Company, supra,* 227 F.2d at 735; *O'Donnell Transp. Co. v. City of New York,* 215 F.2d 92, 95 (2d Cir. 1954). In all the circumstances of this case, the court is persuaded that equitable considerations do not require the award of pre-judgment interest for maintenance and cure.

In view of the foregoing, plaintiff's motion for pre-judgment interest under counts I, II and III is hereby denied.

One last matter remains. 28 U.S.C. 1961 provides that "Interest shall be allowed on any money judgment in a civil case recovered in a district court. * * * Such interest shall be calculated from the date of

the entry of the judgment, at the rate allowed by State law." As the court pointed out in *Moore-McCormack Lines v. Amirault, supra,* 202 F.2d at 895:

> The purpose [of this provision] was simply to provide that money judgments of federal courts should bear interest from the date of the entry of the judgment, collectible in the same way and at the same rate as provided in the local state law for the allowance of interest on money judgments recovered in the state courts. Interest upon the amount of a money judgment rendered by a federal court runs automatically, by the mandatory provision of 28 U.S.C. § 1961, even though the judgment itself—as in the case at bar—contains no specific award of such interest.

The short of the matter is that the plaintiff Parisi is entitled to interest from the date of entry of judgment in this case at the rate allowed by Massachusetts State law and it is so ordered.