30

Robert ROBINSON, Trustee in
Bankruptcy of D.C. Sullivan & Co., Inc.
vs.
WATTS DETECTIVE AGENCY,
INC., ET AL

Civ. A. No. 70-1336-N

United States District Court,
D. Massachusetts

September 10, 1980

Daniel Featherston for the plaintiff.

## ORDER AND MEMORANDUM OF DECISION

NELSON, D.J.

The trustee in bankruptcy of D.C. Sullivan & Co., Inc., brought this action to recover the value of certain of the bankrupt's assets that were allegedly misappropriated. Named as defendants are Watts Detective Agency, the recipient of the bankrupt's assets, Consolidated Service Corporation, Watts' parent corporation, Christopher P. Recklitis, the President of both Watts and CSC, and David C. Sullivan and Billy R. Otte, the bankrupt's President and Vice-President. The trustee proceeded against these defendants on three theories of liability: one, they caused the assets of Sullivan Company to be transferred to Watts without fair consideration; two, they caused the transfer to be made with the actual intent to hinder, delay, or defraud either existing or future creditors; and three, they unlawfully caused the bankrupt's assets to be diverted to Watts in breach of their fiduciary duty to Sullivan Company. The jury found all five defendants liable under count I, and Sullivan and Otte liable under count III; it further found that the bankrupt had sustained damages in the amount of $750,000. Pursuant to the jury's verdict, judgment was entered.

Before me now is the trustee's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The trustee seeks to alter or amend in three respects: one, to include prejudgment interest on the verdict; two, to add Recklitis, Watts and CSC to those whom the jury found liable under count III; and three, to amend the plaintiff's name to Robert Robinson, the successor trustee to Daniel Glosband.

Beginning with the last matter addressed by the trustee's motion, this simply involves

technical error in the judgment and draws no opposition from the defendants. It is obvious that relief should be granted; therefore, the judgment is ordered amended to reflect the name of the person presently serving as trustee of the Sullivan Company.

The first two matters addressed by the trustee's motion may not be dealt with so summarily. Both present substantial questions and involve an effort by the trustee to obtain prejudgment interest on the jury's verdict from Watts, CSC and Recklitis. For the reasons stated below these motions are denied.

Prejudgment interest is an element of damages; it compensates the plaintiff for the loss of the use of money to which the plaintiff would have been entitled during the course of litigation but for the defendant's wrongful withholding. C. McCormick, **Law of Damages,** § 50 at 205 (1935). See **4 Collier on Bankruptcy,** 67.49 at 693 & n.10 (14th ed. 1978). Under each count of his complaint, the trustee included in his prayer for relief a demand for interest. The trustee did not, however, request a jury instruction on interest, and no such instruction was given. Therefore, it is to be presumed that the jury did not pass on the issue.[1]

The source of plaintiff's claim determines the governing law of prejudgment interest. If federal law gives rise to the claim, federal law governs the rule of prejudgment interest to be applied. See **Royal Indemnity Co. v. United States,** 313 U.S. 289, 296 (1941); **Furtado v. Bishop,** 604 F.2d 80, 97 (1st Cir. 1979) and cases cited. Similarly, if state law is the source of the claim then state law supplies the applicable rule of prejudgment interest. See **Glick v. White Motor Co.,** 458 F.2d 1287, 1294 (3d Cir. 1972). State law does not govern the issue of interest for claims arising under federal law. See **Sanabria v. International Longshoremen's Ass'n Local 1575,** 597 F.2d 312, 313-14 (1st Cir. 1979); **Moore-McCormack Lines, Inc. v. Amirault,** 202 F.2d 893, 894-897 (1st Cir. 1953).

There is no dispute over whether the trustee is entitled to interest on the judgment obtained on count III. Count III arises under Massachusetts state law. The governing state law provides by statute that the clerk of court is to add prejudgment interest to all damage judgments in tort actions. Mass. Gen. Laws Ann. ch. 231, § 6B (West. Supp. 1979).[2] The award of interest under Massachusetts Law is a ministerial function; chapter 231, § 6B leaves no discretion with either the judge or jury. Inasmuch as the judgment on count III does not include an award of interest, the judgment is in error and may be amended.

The parties do dispute whether interest is due on count I. In count I of his complaint, the trustee states a cause of action arising under the federal bankruptcy laws. Consequently, federal law governs the availability of prejudgment interest. Unlike the general laws of Massachusetts, the United States Code does not contain a general statute granting pre-judgment interest. Compare 28 USC § 1961 (postjudgment interest). Moreover, the applicable bankruptcy laws do not address the question.

---

[1] There is of course no way of knowing whether the jury considered the issue of interest even in the absence of an instruction. The cases nonetheless presume that if the question of prejudgment interest was not specifically submitted to the jury, the jury gave the issue no consideration in evaluating the damages suffered by the plaintiff. See Furtado v. Bishop, 604 F.2d 80, 98 (1st Cir. 1979); Newburgh Land & Dock Co. v. Texas Co., 227 F.2d 732, 735 (2d Cir. 1955).

[2] Chapter 231, § 6B currently provides:
  In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of the court to the amount of damages interest thereon at the rate of eight per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.
The current version of § 6B is the result of an amendment enacted in 1974. Before the amendment, the statutory rate of interest was 6%. The Supreme Judicial Court has held that that amendment does not apply retroactively. Peter v. Clerk of the Superior Court, 368 Mass. 116 (1975). Accordingly, for the prejudgment period occurring before August 14, 1974, the effective date of the amendment, a successful claimant is entitled to interest only at the old rate. For the period after August 14, 1974, the claimant is entitled to interest at the current rate.

Whether the trustee may recover prejudgment interest depends therefore on federal common law.

The general common law rule is that prejudgment interest is mandatory whenever the principal damages sought are liquidated or ascertainable with reasonable certainty. **Roth v. Fabrikant Bros.**, 175 F.2d 665, 669 (2d Cir. 1949). See **Furtado v. Bishop**, 604 F.2d 80, 97 (1st Cir. 1979). See generally C. McCormick, **Handbook on the Law of Damages**, § § 54 & 55 (1935). Damages are liquidated when they are fixed and known. See C. McCormick, supra at 213. Damages are ascertainable with reasonable certainty when "the amount to be awarded, when all the concrete facts are ascertained, depends only upon the judge or jury's opinion in the light of the evidence, as to the **pecuniary value**, ascertained, by market prices or current standards, of property or services" (emphasis in the original). Id. at 217. See **Jones v. United States**, 258 U.S. 40, 49 (1922) (land converted by fraud may have a definite or ascertainable value); **Palmer v. Radio Corp. of America**, 453 F.2d 1133, 1140 (8th Cir. 1971) (sum of money paid by bankrupt in satisfaction of an anticedent debt was sufficiently certain). Damages are not ascertainable with reasonable certainty when "[j]udicious men would be likely to give upon the same evidence quite different estimates of the proper amount of damages to be allowed." C. McCormick, supra at 222. See **Roth v. Fabrikant Bros.**, supra (value of jewelry fraudulently transferred was highly speculative).•

When damages are neither liquidated nor ascertainable with reasonable certainty, then prejudgment interest may yet be available as a matter of discretion. See C. McCormick, supra at § 56. See also **Robinson v. Pocahontas, Inc.**, 477 F.2d 1048 (1st Cir. 1973) (award of interest in maritime case for personal injuries is discretionary). In this Circuit, as elsewhere, if the award of interest rests in discretion, it is the jury that must exercise it. **Robinson v. Pocahontas, Inc.**, supra at 1053; citing **Newbrugh Land & Dock Co. v. Texas Co.**, 227 F.2d 732, 735 (2d Cir. 1955). See **Scola v. Boat Frances, R., Inc.**, 618

F.2d 147, 153 (1st Cir. 1980); **Furtado v. Bishop**, 604 F.2d at 98. The apparent rationale underlying this rule is that when the amount of damages is uncertain, the jury should decide whether interest is necessary to compensate the plaintiff adequately. If in such a case the court does not instruct the jury on interest, and the plaintiff fails to object, then the plaintiff has waived his right to have the jury consider the issue. **Furtado v. Bishop**, supra; **Robinson v. Pocahontas, Inc.**, supra; **Newburgh Land & Dock Co. v. Texas Co.**, supra. See Fed. R. Civ. P. 51.

The plaintiff here seems to suggest that the common law rule on interest, as described above, does not apply in the bankruptcy setting — that instead the certainty of damages is irrelevant and interest is simply mandatory. I find no support for this position. A leading case on the issue of prejudgment interest is **Roth v. Fabrikant Bros.**, 175 F.2d 665 (2d Cir. 1949). There the court recited the common law rule as presented here and applied it to award interest on a voidable preference claim for which damages were certain and to deny interest on a fraudulent transfer claim for which damages were speculative. This case, cited favorably in this Circuit, see **Moore-McCormack Linen, Inc. v. Amirault**, 202 F.2d 893, 897 (1st Cir. 1953), establishes the applicability of the general rule to bankruptcy cases. See also **Palmer v. Radio Corp. of America**, 453 F.2d 1133 (5th Cir. 1971).

In addition, none of the cases cited by the plaintiff establishes either the inapplicability of the rule or that interest is mandatory. Each of the federal cases cited involves a loss that although unliquidated was certain.[3] Interest was due as of right in those

<hr>

[3]Kaufman v. Tredway, 195 U.S. 271 (1904); Kass v. Doyle, 275 F.2d 258 (2d Cir. 1960); Salter v. Guaranty Trust Co., 237 F.2d 446 (1st Cir. 1956); Manufacturers' Finance Co. v. Marks, 142 F.2d 521 (6th Cir.) cert. denied, 323 U.S. 721 (1944); Plymouth County Trust Co. v. MacDonald, 60 F.2d 94 (1st Cir. 1932); Levy v. Weinberg & Holman, 20 F.2d 565 (2d Cir. 1927); Elliotte v. American Savings Bank & Trust Co., 18 F.2d 460 (6th Cir. 1927); Gould v. Nathans, 1 F.2d 458 (1st Cir. 1924).

cases not because of the bankruptcy setting but rather because the damages were ascertainable with reasonable certainty. As for the state cases cited, they also involve sums that were readily ascertainable.[4] In addition, all were tried to a master, who made findings as to damages and awarded interest. There was thus no need for the appellate courts to consider whether, in awarding interest, the master was acting in a ministerial or discretionary capacity. In conclusion, the cases cited by the plaintiff do not persuade me that a rule other than the general common law rule applies here. I therefore turn to the application of the general rule to the case before me.

In bringing this action, the trustee sought to recover as damages the value of the operational part of D.C. Sullivan and Company — essentially, the value of the bankrupt's employees, customers and service knowledge. At trial there was no evidence that the trustee's damages were liquidated. There was and there is no agreement among the parties as to the value of what the defendants obtained, nor had the assets of the Sullivan Company been reduced to cash. Further, there was no evidence of a market listing for service businesses so that the jury might determine value by reference to established prices. Instead, the evidence submitted gave the jury wide latitude to formulate a damage award. For that reason, I conclude that damages were neither liquidated nor ascertainable with reasonable certainty and that therefore the award of prejudgment interest was available by permission of the jury only. Since I did not instruct on the issue and the trustee did not object or ask for a curative instruction, the trustee now has no right to have the damages awarded under count I supplemented. The trustee's motion to alter or amend with respect to that count is denied.

As stated above, interest is available by right on the judgment under count III. The trustee can therefore yet obtain a judgment of $750,000 plus prejudgment interest against all defendants, if all defendants are deemed liable under that count. The jury of course did not find Watts, CSC or Recklitis liable under count III, which leads to the last element of relief that the trustee seeks under his motion to alter or amend.

The trustee argues, that on the evidence, it was impossible for the jury not to have found all the defendants liable under count III. The trustee therefore moves that Watts, CSC and Recklitis be added to the judgment on that count.

The trustee likens the relief he seeks on count III to the relief commonly sought by a motion for a judgment non obstante verdicto. See Fed. R. Civ. P. 50(b). The analogy is sound, given that in both instances a court would have to reexamine the jury's findings of fact. Rule 59(e) does not; however, permit the court to conduct such a reexamination. 6A Moore's Federal Practice ¶ 59.12[1] at 59-250 & n.38 (2d ed. 1979). I find nothing in the one case cited by the trustee on this point[5] that persuades me either that the relief he seeks would not require a reexamination of the facts or that such a reexamination is permissible under Rule 59(e). I therefore conclude that the relief the trustee seeks with respect to count III is unavailable through Rule 59(e).

For the reasons stated above, it is ORDERED that the judgment entered in this case be and hereby is amended by changing the name of the plaintiff from Daniel Glosband to Robert Robinson, the trustee in bankruptcy, and by adding prejudgment interest on count III. All other relief sought by the trustee under Rule 59(e) is DENIED.

David S. Nelson, D.J.

[4]Citizens Bank & Trust Co. v. Rockingham Trailer Sales, Inc., 351 Mass. 457 (1966); Buckley v. John, 314 Mass. 719 (1943); R.E. McDonald Co. v. Finkovitch, 270 Mass. 362 (1930); Lemak v. Feffer-Simon, 268 Mass. 156 (1929); Goldstein v. Simon Manufacturing Company, 237 Mass. 97 (1921).

[5]Page v. New England Telephone and Telegraph Co., 403 N.E. 2d 1201 (Mass. App. 1980).