GLOBAL PETROLEUM CORP. *vs.* NORTHEAST PETROLEUM,
A DIVISION OF CARGILL, INCORPORATED.

Suffolk. February 9, 1989. — June 15, 1989.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Admiralty.*

In an action by the operator of a shipping terminal facility against the operator of another terminal facility seeking damages for loss of business sustained when the defendant's retaining wall along the Chelsea River collapsed, blocking navigation of the channel for four days and restricting navigation for nearly two months, the judge properly dismissed the plaintiff's complaint where, despite the plaintiff's characterization of its claims as ones for land-based injuries founded on State law causes of action, the maritime nature of the tort required application of Federal admiralty law, under which recovery for purely economic loss is not permitted if the plaintiff has suffered no injury to his person or property. [188-190]

CIVIL ACTION commenced in the Superior Court Department on August 10, 1987.

The case was heard by *Andrew Gill Meyer*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul G. Boylan* (*Mark J. DeFrancisco* with him) for the plaintiff.

*James F. Ring* for the defendant.

LYNCH, J. Global Petroleum Corp. (Global) appeals from an order dismissing its amended complaint against Northeast Petroleum (Northeast) for nuisance, negligence, interference with contractual and beneficial relations, and invasion of a private right arising from a public nuisance. According to the facts alleged in its complaint, Global claimed damages resulting from the collapse on November 3, 1986, of Northeast's retaining wall along the Chelsea River, which allowed dirt, granite

blocks, and other debris to spill into the river, blocking navigation of the channel for four days and restricting navigation on the Chelsea River until late December, 1986. Both Global and Northeast operate terminal facilities on the Chelsea River for the purchase, transport and sale of petroleum products. Global asserts that as a result of the navigation restrictions — imposed by the United States Coast Guard — vessels were prohibited transit to and from Global's terminal, upstream of the collapsed retaining wall, and Global therefore incurred additional expenses for tug charges, lightering charges, and demurrage and delay claims. After the Superior Court judge allowed Northeast's motion to dismiss, filed pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 755 (1974), Global filed a motion for reconsideration, which was denied. We transferred Global's appeal to this court on our own motion, and now affirm the dismissal of the complaint.

We first consider the threshold issue whether admiralty law or State common law governs Global's claims. Global asserts that (1) each count of its complaint states a claim for relief under Massachusetts law; (2) the dismissal of its complaint was in error because its cause of action was based on the fact that Global is a riparian landowner asserting its right of access to its land and water; and (3) the Superior Court judge erred as a matter of law in relying on Federal admiralty cases in deciding to dismiss the complaint based on general principles of maritime law. When the facts pleaded are viewed in the light most favorable to Global, however, it is clear that the injuries complained of are interference with navigation on a navigable waterway, and the deprivation of access by vessels to and from Global's terminal. Such a claim is cognizable in admiralty because the injury — restriction of navigation — clearly occurred on or in navigable waters, and bears a significant relationship to maritime navigation and commerce. See *Executive Jet Aviation, Inc.* v. *Cleveland*, 409 U.S. 249, 255-256, 268 (1972); *Oppen* v. *Aetna Ins. Co.*, 485 F.2d 252, 256-257 (9th Cir. 1973). See also *Thorneal* v. *Cape Pond Ice Co.*, 321 Mass. 528, 532 (1947).

We note that in *Stop & Shop Cos.* v. *Fisher*, 387 Mass. 889 (1983), relied on by Global to support its argument that its State law claims should be permitted, we expressly declined to decide whether Federal maritime law applied. *Id.* at 899. In a separate proceeding in Federal District Court for Massachusetts, where Stop & Shop asserted its State law nuisance claims, the United States District Court determined that "since federal law is controlling and . . . bars these claims," it did not matter that State law might permit recovery for nuisance under other circumstances. *In the Matter of the Petition of J.D. Irving Ltd.*, No. 83-1654 Mc, slip op. at 4 (D. Mass. Sept. 30, 1987).

Since this is a maritime claim, the Superior Court has concurrent jurisdiction of the claim under the "saving to suitors" clause of 28 U.S.C. § 1333 (1982), but must apply the law which would be applied by a Federal court sitting in admiralty. *Moore-McCormack Lines, Inc.* v. *Amirault*, 202 F.2d 893, 896-897 (1st Cir. 1953). See *Palumbo* v. *Boston Tow Boat Co.*, 21 Mass. App. Ct. 414, 415 (1986). Despite Global's effort to characterize its claims as ones for land-based injuries founded on State law causes of action, the maritime nature of the tort requires that we apply Federal admiralty law. Since Global complains of business losses arising from interference with navigation, but has suffered no physical injury to person or property, recovery is barred under well-established principles prohibiting recovery for purely economic loss. See *Robins Dry Dock & Repair Co.* v. *Flint*, 275 U.S. 303 (1927); *Barber Lines A/S* v. *M/V Donau Maru*, 764 F.2d 50, 51 (1st Cir. 1985). Cf. *Bay State-Spray & Provincetown S.S., Inc.* v. *Caterpillar Tractor Co.*, 404 Mass. 103, 105 (1989). Global's attempt to distinguish *Palumbo* v. *Boston Tow Boat, supra,* as applying only to claims coming under the Admiralty Extension Act, 46 U.S.C. § 740 (1982) (extending admiralty jurisdiction to ship-to-shore injuries), is without merit. Irrespective of whether a case is governed by admiralty law because of the Admiralty Extension Act, or because of the tests set forth in *Executive Jet, supra,* since general maritime law governs, recovery is precluded in the absence of physical injury to person or property. Global cannot avoid this principle by presenting

its claims as ones based strictly on State law theories. See *Louisiana ex rel. Guste* v. *M/V Testbank*, 752 F.2d 1019 (5th Cir. 1985), cert. denied sub nom. *White* v. *M/V Testbank*, 477 U.S. 903 (1986); *Dick Myers Towing Serv., Inc.* v. *United States*, 577 F.2d 1023, 1025 n.4 (5th Cir. 1978). We therefore affirm the dismissal of Global's complaint.

*So ordered.*