**Leonard M. SALTER, Trustee, Plaintiff, Appellant,**

v.

**GUARANTY TRUST COMPANY OF WALTHAM, Defendant, Appellee.**

**No. 5135.**

United States Court of Appeals First Circuit.

Oct. 23, 1956.

Edward I. Perkins, Boston, Mass., with whom Hyman Katz, Boston, Mass., was on the brief, for appellant.

Walter Powers, Jr., Boston, Mass., with whom W. Langdon Powers, Boston, Mass., was on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an action brought by a trustee in bankruptcy under §60, sub. b, of the Bankruptcy Act as amended, 11 U.S.C.A. § 96, sub. b, to recover certain alleged preferential payments made by the bankrupt to its creditor, the defendant Trust Company, on various dates during the month of December 1952. The District Court, sitting without a jury, found that the payments were made as alleged but that, except as to the last payment of $900 on December 26, the trustee had not sustained his burden of proving that when they were made the officer of the Trust Company in charge either knew or had reasonable cause to believe that the payor was insolvent. It thereupon entered judgment for the plaintiff in the sum of $900 and costs, and the plaintiff seasonably brought the case here on appeal.

Whether the debtor was insolvent when the payments were made to the Trust Company, and whether the Trust Company through its managerial officers knew or had reasonable cause to believe when it received the payments that the debtor was insolvent, are questions of fact. Kaufman v. Tredway, 1904, 195 U.S. 271, 273, 25 S.Ct. 33, 49 L.Ed. 190. It will suffice to say that a careful examination of the testimony and exhibits discloses ample evidentiary support for the findings made by the court below.

It erred, however, as counsel for the appellee conceded at oral argument, in not awarding interest on the amount of its judgment from the date when the action was brought. Kaufman v. Tredway, supra; Elliotte v. American Savings Bank & Trust Co., 6 Cir., 1927, 18 F.2d 460, 462; Plymouth County Trust Co. v. MacDonald, 1 Cir., 1932, 60 F.2d 94, 97. That is to say, the principal of the judgment entered by the District Court should have been in the sum of $900, augmented by interest on

448

that sum from the date of the filing of the complaint by the trustee to the date of judgment. Then, of course, the final judgment of the District Court in the amount thus augmented will automatically bear interest from the date of the judgment to the date of payment, in accordance with the mandatory provision of 28 U.S.C. § 1961. See Moore-McCormack Lines, Inc., v. Amirault, 1 Cir., 1953, 202 F.2d 893, 895.

The judgment of the District Court is vacated and the case is remanded to that Court with direction to enter a modified judgment for the plaintiff in conformity with this opinion. Appellee recovers costs on appeal.