## In re FOUR SEASONS SECURITIES LAWS LITIGATION—Opinion No. 5.

### M.D.L. No. 55.

United States District Court,
W. D. Oklahoma.

Oct. 26, 1973.

See also, D.C., 58 F.R.D. 19, 59 F.R.D. 667, Jud.Pan.Mult.Lit., 328 F. Supp. 221.

H. R. Friedman, New York City (Friedman & Friedman, New York City, on the brief), for David T. Kleinman.

Richard W. Lyon, New York City (Thomas W. Kelly and Breed, Abbott & Morgan, New York City, on the brief), for Walston & Co., and others.

Robert B. McCaw, Washington, D. C. (Arthur F. Mathews and Wilmer, Cutler & Pickering, Washington, D. C., on the brief), for Jack L. Clark.

Harry A. Woods, Jr., Oklahoma City, Okl. (William G. Paul and Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., on the brief), for Arthur Andersen & Co.

## REQUEST OF DAVID T. KLEINMAN TO BE EXCLUDED FROM CLASS AND ORDER THEREON

THOMSEN, District Judge[*].

On February 5, 1973, David T. Kleinman sought to file herein a belated "Request to be Excluded from Class". He is seeking to be relieved from the provision of the judgment herein signed on November 30, 1972, and entered on December 4, 1972, which barred forever the prosecution against the defendants in the class actions or anyone else of any and all settled claims by any member of the M.D.L. 55 classes, established by the order of September 21, 1972, herein, except by those who had filed on or before November 1, 1972, requests to be excluded from the classes, as provided in said order. See Opinion No. 2 herein, 58 F. R.D. 19, at 32–36 (Dec. 8, 1972).

Kleinman does not deny that he was a member of the first class established by the order of September 21, 1972,[1] nor does he question the adequacy of representation of the class by the attorneys designated by the court. He claims that proper notice of his right to opt out was not sent to him, in accordance with the requirements of the order of September 21, 1972, of Rule 23(c)(2), F.R.Civ.P.,[2] and of due process.

In effect, Kleinman's "request" is a motion under Rule 60(b), F.R.Civ.P.,[3] for relief from the judgment entered on December 4, 1972. The court has considered the evidence offered by Kleinman (including his testimony in open,

---

[*] Of the District of Maryland, sitting by designation.

[1]. See 58 F.R.D. at 32.

[2]. Rule 23(c)(2) provides:
"In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel."

[3]. The relevant portions of Rule 60(b) read as follows:
"Rule 60. *Relief from Judgment or Order*
" \* \* \*
"(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; \* \* \* (4) the judgment is void; \* \* \* or (6) any other reasons justifying relief from the operation of the judgment. \* \* \* "

court)[4] and by those who oppose his motion, as well as the oral arguments and briefs of counsel. For the reasons stated below, the request will be denied.

The court adopts as part of this opinion the contents of Opinion No. 2 herein, 58 F.R.D. 19, which contains a history of the Four Seasons companies, of the Chapter X proceedings involving those companies, and of the M.D.L. 55 proceedings, up to and including the judgment entered on December 4, 1972. No appeal was taken from that judgment.

In the order of September 21, 1972, the court found and determined that for the purpose of effectuating the proposed settlement, the prerequisites set out in Rule 23(a) and (b)(3) were met with respect to each of the two classes established by the order. The order directed James R. Tolbert, III, who was the Trustee in the Reorganization Proceedings, to mail, on or before October 2, 1972, notice and proof of claim forms[5] to each member of the classes whose identity and address were known to him or whose name was furnished to him by any of the parties, at such member's last known address; and to cause the notice to be published once, on or before October 6, 1972, in the national edition of The Wall Street Journal.

Pursuant to Rule 23(c)(2), F.R.Civ. P., the court found that the notice to be given to members of the classes as directed by the order was the best notice practicable under the circumstances, that adequate provision had been made for individual notice to all members of the classes who could be identified through reasonable effort, and that such notice met all requirements of Rule 23. The court adheres to the findings and conclusions in Opinion No. 2. The notice stated clearly that anyone who wished to be excluded from the classes should sign and return no later than November 1, 1972, a written request to be excluded.

Kleinman does not challenge the form or content of the notices sent and published. He contends that the notice should have been mailed to him at his home address, rather than to the address Kleinman himself had given as his address on the proof of claim form he had filed in May 1972 in the Chapter X proceedings in this court.

Kleinman is a consulting international economist and a finance professor at Fordham University. In the latter part of 1968 he registered as a broker-dealer with the SEC, but did not take the NASD exam.

In April 1969 he purchased 200 shares of Four Seasons Nursing Centers of America stock, 200 additional shares in August 1969, and 100 additional shares in March 1970. He sold 200 shares at a profit in October 1969, but had a net loss of $12,485.67. All of the transactions were through Walston & Co., Inc., and Kleinman's address on the confirmation slips was his home address, 319 West 105th Street, Apt. 3C, New York, N.Y.

However, since Kleinman was often away from home, in Latin America and elsewhere, he caused the shares to be registered in his name, c/o Manufacturers Hanover Trust Co., Broadway and 106th Street, New York, N.Y., where the shares were sometimes held as collateral.

Some time after the Chapter X proceedings were begun, Kleinman consulted several lawyers. He testified that they told him his claim was so small they did not wish to get involved, and he says that he was not aware of the several class actions filed in the Southern District of New York beginning in May 1970, which were transferred to this court in May 1971.

---

4. Kleinman was not a fully credible witness; the court has found the facts based upon the weight of the credible evidence.

5. In substantially the same form as Exhibits C, D–1 and D–2 to the order of September 21, 1972.

Kleinman received notice of his right to file a claim in the Chapter X proceedings, and did so. He attached the confirmation slips to his proof of claim form, which he originally filled out in pencil, giving his home as his address; but before filing the proof of claim, he erased some of the pencilled entries, including his home address, and filled out the entire form in ink, very clearly giving his address as "c/o John Wilson, Manufacturers Hanover Trust Co., Broadway & 106th Street, New York, N.Y. 10025".[6]

Following the entry of the order of September 21, 1972, in the M.D.L. 55 proceedings, Tolbert and his staff mailed a notice and form for proof of claim in M.D.L. 55 to each stockholder of the Four Seasons companies who had filed a claim in the Chapter X proceedings, using the address which the stockholder had given on his Chapter X proof of claim.[7] Such a notice and proof of claim were mailed to Kleinman at the address he had given on his Chapter X proof of claim. The notice required by the order of September 21, 1972, was also duly published in The Wall Street Journal, which Kleinman was receiving free in the fall of 1972.

Kleinman offered no evidence of what Wilson or the bank did after receipt of the notice and proof of claim, or of what Wilson or the bank did with any other papers received addressed to Kleinman.

Indictments against officers and others connected with Four Seasons and Walston were filed in the Southern District of New York on December 20, 1972, and a few days thereafter Kleinman consulted various persons about his claim.[8] On February 5, 1973, he filed his request to be excluded from the class.

The notice called for by the order of September 21, 1972, was sent to Kleinman, at the address which he himself had given on the proof of claim which he had filed in the Chapter X proceedings in May 1972. Kleinman contends that notice should also have been mailed to the address shown on the 1969 and 1970 confirmation slips (his home address), or that the people in Oklahoma should have looked him up in the New York telephone directory. There is no merit in this contention, in fact or in law. Kleinman had erased his home address on the proof of claim form which he had filed in the Chapter X proceedings a few months before, and had inserted the address to which the M.D.L. 55 notice was sent.[9] Notice to that address complied with the order of September 21, 1972, and was the best notice practicable under the circumstances; it, therefore, met the requirements of Rule 23(c)(2).

6. Kleinman testified that along with his proof of claim he included in the envelope a half sheet of yellow legal paper, on which he had written his home address, and asked that his home address be used for further notices. A recent search failed to discover such a paper, and the court does not believe that it was sent.

7. Tolbert and his staff also sent notices to other holders of securities of the Four Seasons companies whose names were furnished to him, and sent many copies of the notice and proof of claim form to various brokers for distribution to customers whose stock was still held in street names or who had not filed claims in the Chapter X proceedings.

8. He testified that he does not believe he saw the articles in The Wall Street Journal or other newspapers about the indictment, nor previous articles about the M.D.L. 55 proceedings and the settlement therein.

9. If Tolbert and his assistants were required to look further (which the court does not find or hold), the next logical place to look was the stock register records, 7A Wright and Miller, Federal Practice and Procedure: Civil § 1786, pp. 146, 147, and cases cited in fn. 18 thereto; those records, too, would have shown the address to which the notice was mailed.

Kleinman also contends that "even if the Trustee had sent the notice to Kleinman's home or to both addresses, the constitution prohibits the barring of Kleinman's individual personal substantive fraud suit against Walston if he didn't affirmatively respond and 'opt-out' of the settlement of the class action". In other words, he is attacking the opt-out provisions of Rule 23(c)(2) on the ground that the notice provision therein does not afford due process, and that no member of the class should be bound unless he affirmatively opts in.

This matter was fully considered when the 1966 amendments to Rule 23 were adopted. See Advisory Committee Note, 39 F.R.D. 69, at 105–107. See also 7A Wright and Miller, Federal Practice and Procedure: Civil § 1786, and cases cited therein; 3B Moore's Federal Practice, 2d ed., ¶ 23.02–1, particularly pp. 23–125, 126. The notice sent to Kleinman was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., Trustee, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).[10] Due process was afforded by the notice in this case.[11]

The request for exclusion is hereby denied.

Leave to file a belated claim, entitling Kleinman to share in the settlement fund is hereby granted, provided such claim is filed on or before December 31, 1973.

---

**10.** As was noted in Opinion No. 4 herein, 59 F.R.D. 667 (1973):

"Rule 23 is designed to avoid a multiplicity of lawsuits while protecting the substantive rights of plaintiffs and defendants. The notice provisions of Rule 23 (as amended effective July 1, 1966) are designed to provide due process and, at the same time, achieve finality in class litigation.

"A claim of mistake, inadvertence, surprise or excusable neglect, a claim that the judgment is void, and any other reason alleged to justify relief under Rule 60 from the operation of the judgment, must be considered in the light of the purposes and provisions of Rule 23.

"A too liberal application of Rule 60(b) in class actions would undermine the finality of judgments entered therein and would discourage settlement of such actions. Defendants will be loath to offer substantial sums of money in compromise settlement of class actions unless they can rely on the notice provisions of Rule 23 to bind class members. Courts favor the settlement of controversies; fair compromise settlements are particularly important in complex, multi-party litigation which is likely to require many months of court time over a period of years."

**11.** In view of this holding, it is not necessary to consider the effect of the notice published in The Wall Street Journal.