

SUPPLEMENTAL OPINION 8–A

**In re FOUR SEASONS SECURITIES LAWS LITIGATION.**

**M.D.L. No. 55.**

United States District Court,
W. D. Oklahoma.

Oct. 2, 1974.

*Additional Motions of Phillips
for Relief from Judgment*

THOMSEN, District Judge, sitting by designation.

On July 10, 1974, this court filed Opinion No. 8 herein denying two motions theretofore filed by Randolph Phillips under Rule 60(b), F.R.Civ.P., seeking relief from the final judgment entered herein on December 4, 1972, and a third motion for leave to file an out-of-time request for exclusion from the classes. 63 F.R.D. 422. On June 24, 1974, Phillips had requested the court to refuse to consider any further arguments and to rule promptly on those motions. Nevertheless, since July 10 Phillips has filed three more motions seeking to avoid the effect of the 1972 judgment; they will be considered herein.

The opinion filed on July 10 set out at length the material facts and disposed of the arguments made by Phillips in support of his effort to be relieved from the 1972 judgment, which approved and confirmed the settlement of the M.D.L. 55 class actions and the plan of distribution and barred the prosecution of all settled claims by any member of the M.D.L. 55 classes, established by the order of September 21, 1972, except by those who had filed timely requests to be excluded from the classes. Phillips had not opted out; rather, he had filed a claim, which included a broad release, and subsequently received and deposited the check for the dividend paid thereon. Among the matters discussed in the July 10 opinion were arguments made by Phillips with respect to notice and adequacy of representation.

In a motion dated July 17, 1974, Phillips seeks an order directing that his proof of claim and release, dated December 18, 1972, be returned to him upon tender by Phillips of his share of the settlement ($4,672.11), which Phillips deposited in his account on January 7,

1974, a month after he filed his first 60(b) motion.

In another motion, dated July 19, 1974, Phillips seeks a reargument and rehearing of his Rule 60(b) motions, which were denied in the rulings at the end of the July 10 opinion.

In a final motion, dated August 27, 1974, Phillips seeks an order under Rule 60(b)(4), alleging that the 1972 judgment is "void" as to his "claims" because there was a failure of due process in the protection of his interests, in that he accepted the settlement because Ira Jay Sands, one of the attorneys for named plaintiffs in the class actions, with whom Phillips got in touch after he received the notice, advised him to accept the settlement and did not disclose to him that he could seek permission to file a late election to opt out. This final motion is probably barred by res judicata in view of this court's rulings on July 10, 1974, but in all of the new motions Phillips argues that he should be relieved from the 1972 judgment because of alleged inadequacy of the notice and inadequacy of representation.

In one of the appeals arising out of the Four Seasons Securities Laws Litigation, Arthur Andersen & Co. et al. v. State of Ohio, 502 F.2d 834, decided after this court's July 10 opinion, the Tenth Circuit analyzed Rule 23 and, dealing with the same settlement notice and judgment involved in the pending motions filed by Phillips, said:

"We are constrained to conclude that due process was satisfied here when Ohio received the notice and order delineating the terms of the proposed settlement and informing Ohio that it was a designated member of a class, that it had the opportunity to opt out or be represented by counsel, that it would be bound if it failed to opt out. In such a case, we conclude

that due process may be satisfied by notice alone and that, where due process is thus satisfied, adequacy of representation need not be shown as a matter of constitutional necessity." 502 F.2d at 843.

This court is advised that the State of Ohio is seeking a writ of certiorari from the Supreme Court, but unless and until the decision of the Tenth Circuit is reversed or modified, this court should follow its rulings. Since Phillips does not deny that he received timely notice, which was found to be adequate by the Tenth Circuit in the appeal involving the State of Ohio, supra, as well as by this court in the order approving and confirming the settlement, 58 F.R.D. 19, 32, and in several subsequent opinions,[1] the pending motions might be denied without further discussion. But it is not necessary to rest the present decision on that ground alone.

Phillips has not shown, by his affidavit or otherwise, any such inadequacy of representation as would entitle him to relief. In its July 10 opinion, denying the first three motions filed by Phillips, this court stated:

"Following the hearing on November 16, 1972, at which an attack was made on the adequacy of representation, generally similar to the attack made by Phillips, this court, for the reasons stated in Opinion No. 2 herein, 58 F.R.D. at 40, 41, held that the representation was adequate and met the requirements of Rule 23(a)(3) and (a)(4). After considering the evidence and arguments presented by Phillips, the court adheres to that finding and conclusion. This case is distinguishable from Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L. Ed. 22 (1940), where the substantial interests of the representatives and of the persons whom they were deemed

---

1. In re Four Seasons Securities Laws Litigation, Opinion No. 5 (Kleinman), 60 F.R.D. 598, 600; Opinion No. 4 (State of Ohio), 59 F.R.D. 667; as well as in the July 10 Phillips opinion.

to represent were not the same. 311 U.S. at 44, 45, 61 S.Ct. 115." 63 F.R. D. at 430, 431.

Phillips' claim was essentially the same as the claims of the class representatives and other class members. See 58 F.R.D. at 28–31, including n. 28. This court adheres to the findings and conclusions in the July 10 opinion.

Phillips now contends, however, that he was not told certain facts known to counsel for the class representatives either in the notice which he received or when he asked Ira Jay Sands, one of the counsel for class representatives, for advice as to whether he should accept the settlement. The immense volume of material and other information collected by counsel for the class plaintiffs is indicated in Opinion No. 2, 58 F.R.D. 19, 21–26, 28–31, 35. It was obviously impossible to include all the material in the notice.[2] This court reiterates its finding that the information contained in the notice was adequate and met the requirements of due process and of Rule 23.

Sands advised Phillips to accept the settlement, and there is nothing to show that this advice was not given in good faith, or that Sands did not answer honestly any question put to him by Phillips. Sands was under no duty to tell Phillips the multitudinous facts developed by discovery of all sorts when Phillips asked him for advice as to whether he should accept the settlement. Phillips misconceives the nature of litigation under Rule 23 and the role and duties of counsel for the class representatives. He was entitled to and received an honest answer to his question. In the fee opinion, 59 F.R.D. 657, this court did not rate highly Sands' legal ability, but did not question his good faith. The court specifically found that other attorneys for the class representatives were experienced and able. See also Opinion

No. 2, 58 F.R.D. at 40, 41, and the passage from the July 10 Phillips opinion, quoted above. There was no inadequacy of representation.

Phillips raises again his contention that "Clark had a fiduciary duty to disclose his guilt" during the settlement negotiations. This point was fully covered in the July 10 opinion, 63 F.R.D. at 431–433; that discussion need not be repeated.

*Rulings*

The three motions filed by Phillips on July 17, July 19 and August 27, 1974, are hereby denied.

---

2. The notice gave much more information than is usually given in a notice under Rule 23(c) (2).