**In re Ray Arlen RUSSELL, Debtor.**

**Donna Marie WELTY, Plaintiff,**

**v.**

**Raymond A. RUSSELL, Defendant.**

**Bankruptcy No. 681–05338.**
**Adv. No. 681–6276.**

United States Bankruptcy Court,
D. Oregon.

June 25, 1982.

Daniel M. Holland, Eugene, Or., for plaintiff.

James C. Jagger, Eugene, Or., for defendant.

## MEMORANDUM OPINION AND ORDER

C. E. LUCKEY, Bankruptcy Judge.

Plaintiff filed a complaint against debtor-defendant seeking determination that an obligation due from the defendant was a result of defendant's wilful and malicious injury to the person and property of the plaintiff and therefore not dischargeable under the provisions of 11 U.S.C. § 523(a)(6).

The defendant defaulted in appearance and plaintiff was required to present evidence to establish a prima facie case to support a finding of wilful and malicious conduct by the defendant resulting in damage to the plaintiff, alleged to be in the amount of $2,903.97.

Judgment was awarded for the plaintiff for the amount prayed for as a nondischargeable obligation on December 7, 1981 and a form of judgment was tendered by plaintiff's attorney. On December 24, 1981, plaintiff filed a Motion to Reopen Judgment accompanied by a document captioned "AMENDED COMPLAINT OBJECTING TO DISCHARGE IN BANKRUPTCY (Bankruptcy Rule 409(a)(1) FOR WILLFUL AND MALICIOUS INJURY (11 U.S.C.A. § 523(a)(6) and (c))", in which the plaintiff seeks an additional award for asserted special damages of $3,500, $250,000 general damages and $500,000 punitive damages. Plaintiff relies on Federal Rule of Civil Procedure 60(b) for the relief sought.

Plaintiff's counsel represents in his affidavit that he was contacted by plaintiff in May, 1981, and was not informed by her of the defendant's bankruptcy until July 24, 1981. The defendant's bankruptcy petition had been filed March 25, 1981. On September 2, 1981, plaintiff, through her attorney, filed a motion in the bankruptcy case for extension of time for filing complaint objecting to discharge in the proceedings. Notice of the motion and hearing thereon was given to the defendant and without objection the extension was granted, even though the time had expired on June 22, 1981.

Federal Rule of Civil Procedure 60(b) is made applicable to bankruptcy cases by Bankruptcy Rule 924. The relevant portion of Rule 60(b) F.R.C.P. is as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment order, or proceeding was entered or taken."

The facts certainly make inapplicable the common grounds for relief provided in Rule 60(b)(1) through (5). Only Rule 60(b)(6) remains as a possible basis of the relief sought by plaintiff. The underlying principle justifying relief under Rule 60(b) is excusable neglect of counsel or litigant.

Professor Moore's treatise (7 *Moore's Federal Practice* § 60.27) points out that clause (6) of Rule 60(b) is a grand reservoir to do justice in a particular case, but that use of the clause is not to be a substitute for appeal, nor is it ordinarily a vehicle to reopen a judgment to litigate a matter that either was or could have been prior to or on appeal.

Section 60(b)(6) excludes generally the grounds available for relief under clauses of § 60(b)(1) through (5). *Re Four Seasons Sec. Laws Litigation*, 63 F.R.D. 422 and supplemental opinion 64 F.R.D. 325 (D.C.W. D.Okla.1974): *Pierce v. Cook & Co., Inc.*, 518 F.2d 720 (10th Cir. 1975) cert. den. 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89.

■ Section 60(b)(6) has as its general basis for relief "extraordinary circumstances". See *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). "Extraordinary circumstances" have been found to overcome the overriding importance of finality of judgments in cases of gross neglect by attorneys of clients' inter-

ests, clear mistake, voidable judgments and the like. The rule should not be invoked without standards. While the language of Rule 60(b)(6) is broad it does not present a court with standardless residual discretionary power to set aside judgments; instead it settled that such relief is extraordinary and may be granted only upon showing of exceptional circumstances; thus a party seeking relief must bear a heavy burden of showing circumstances so changed that "dangers, once substantial, have become attenuated to a shadow" and that, absent such relief "extreme" and "unexpected" hardship will result (see *Mayberry v. Maroney*, 558 F.2d 1159 (3rd Cir. 1977).

■ In this case there is no allegation of an attorney's gross negligence. Power granted by Rule 60(b)(6) is not intended to relieve a party from consequences of free, calculated and deliberate choice. (See *Stewart Securities Corp. v. Guaranty Trust Co.*, 71 F.R.D. 32 (D.C.W.D.Okla.1976), *United States v. Erdoss*, 440 F.2d 1221 (2nd Cir. 1971).

■ This is not a case of a defaulted party not having a hearing on the merits. It is not a case in which gross negligence of counsel is alleged. It is a case in which the plaintiff has had a day in court and obtained relief on the conscious choice of the plaintiff and her counsel. Plaintiff is not entitled to split her cause of action.

In *1 Bancroft, Code Practice and Remedies*, p. 586, § 384, the author notes: "* * * If the rule were otherwise, one could split his demand into innumerable parts, thereby multiplying litigation and adding indefinitely to the costs. Moreover, the law does not favor a multiplicity of suits, and requires that all matters in controversy which may be included in one action be so included.".

In *Poe v. Kuyk*, 448 F.Supp. 1231 (D.C. Del.1978), the court points out:

"Modern forms of pleading permit and principles of judicial economy demand that all claims arising out of the same facts be presented at one time. It is simply not fair to a defendant to return

to court time and time again to defend against the same allegations as plaintiff moves from one theory of recovery to another."

In *Kowall v. U. S.*, 53 F.R.D. 211 (W.D. Mich.S.D.1971), the court points out that Rule 60(b)(6) places the burden on the party seeking relief and that the procedure may not be used as a substitute for appeal or for a mere rehearing on issues already presented and adjudicated.

■ Finality of judgments is a principle requiring that an application for such extraordinary relief as that sought by the plaintiff must be fully substantiated by adequate proof and its exceptional character must be clearly established. (See *Federal Deposit & Insurance Corp. v. Alker*, 234 F.2d 113, 116–117 (3rd Cir. 1956); also *Bell Telephone Laboratories v. Hughes Aircraft Co.*, 73 F.R.D. 16 (D.C.Del.1976).

■ There is no substantial showing by the plaintiff in support of her motion that she would be entitled to the new relief demanded. Although she was able to show at the trial of her first demand that the defendant engaged in aggravated conduct involving injury to her person and property for which she was awarded judgment, there is no basis on which to conclude that she would be entitled to split her cause of action for, or be entitled to awards of $250,000 general damages and punitive damages of $500,000 against a debtor whose trustee in bankruptcy filed a final account showing no nonexempt assets to administer.

The Court concludes that on the law and facts of this proceeding it would be an abuse of discretion to reopen the judgment. Plaintiff's motion to reopen the judgment is Ordered Denied.