### In re ROCO CORPORATION d/b/a Standard Supply Company, Debtor.

#### Bankruptcy No. 80–00718.

United States Bankruptcy Court, D. Rhode Island.

Feb. 15, 1984.

John F. Bomster, Adler, Pollock & Shee-han Incorporated, Providence, R.I., for plaintiff.

Edward J. Regan, Robert J. McGarry, Tillinghast, Collins & Graham, Providence, R.I., for trustee.

## DECISION SUSTAINING TRUSTEE'S OBJECTION TO CLAIMS OF ED-WARD CONSOVE, AND GRANTING IN PART THE TRUSTEE'S RE-QUEST FOR ATTORNEY'S FEES

ARTHUR N. VOTOLATO, Jr., Bankrupt-cy Judge.

Heard on July 18, 1983, on the trustee's objection to the allowance of claims filed by Edward Consove, and on trustee's counter-claim for interest, costs, and attorney's fees.

More than three years ago, on September 23, 1980, Roco Corporation was petitioned involuntarily into bankruptcy. On May 11, 1983, Edward Consove filed the instant proof of claim 69 incorporating several unsecured claims totalling $441,849. With the exception of a $10,000 priority claim for services rendered to the trustee, and a claim based on a promissory note in the amount of $27,000, Consove has previously aired all these matters, unsuccessfully, before this Court, before the First Circuit Bankruptcy Appellate Panel, and before the First Cir-cuit Court of Appeals. The claims previous-ly asserted have been set aside or avoided either as fraudulent transfers pursuant to 11 U.S.C. § 548, or as preferences under 11 U.S.C. § 547.

Since the facts relating to the bulk of claim 69 have been dealt with previously by this Court, *In re Roco Corp.*, 15 B.R. 813 (Bkrtcy.D.R.I.1981), by the Bankruptcy Ap-pellate Panel, *In re Roco Corp.*, 21 B.R. 429 (Bkrtcy.App. 1st Cir.1982) and by the First Circuit Court of Appeals, *In re Roco Corp.*, 701 F.2d 978 (1st Cir.1983), we see no need to repeat them in detail. However, in def-erence to Consove's most recent attempt to gain a share of the dividend distribution, we will briefly examine his proof of claim which is based upon the following promisso-ry notes, dated November 1, 1979 in the amount of $300,000; November 1, 1979 in the amount of $29,558.13, September 1, 1980 for $27,000; and the amount of $10,000, filed as a priority claim for services ren-dered to the trustee.

In reviewing these claims, the Court continues to look critically upon Consove's inequitable conduct and insider activities conducted during periods of time when he was able to exercise complete dominance and control over the corporation,—factors which have resulted in the trustee's success in the litigation to date. Because of this background, it is our conclusion that justice would indeed be disserved if Edward Con-sove were allowed to participate in any dividend distribution on a par with the debtor's arm's length creditors. This claim-ant was a 50% shareholder and officer of Roco for 47 years, and upon his partner's death in 1978, became the sole shareholder and president of Roco until within one year of its bankruptcy. Even after his son Ger-ald assumed the position of nominal presi-dent and sole stockholder, it was Edward, the father, who continued to exercise exclu-sive control of the debtor corporation dur-ing significant periods of time prior to the filing of the involuntary bankruptcy peti-tion. In short, Edward Consove was a clas-sic "insider", and utilizing that position ful-ly to his advantage, on November 1, 1979, he arranged for his then insolvent corpora-tion to grant him a personal security inter-est in all of the assets. Had he prevailed in this strategy, Consove would have effec-tively wiped out all possibility of any recov-ery by Roco's suppliers, without their ever having known what hit them. In our opin-ion, this is precisely the type of insider misconduct that the principle of equitable subordination is designed to protect against. *Matter of Multiponics, Inc.*, 622 F.2d 709

(5th Cir.1980). Accordingly, Consove's claims based on these promissory notes should be, and hereby are subordinated to the claims of all other general creditors.

■ Consove also asserts that he is entitled to a priority payment of $10,000 for services rendered to the trustee. Not only has he failed to establish the nature or value of the services rendered by him to the trustee, but to the extent that any of the alleged services may have been rendered, they were the type whose performance is required under section 521 of the Bankruptcy Code, and under Bankruptcy Rule 9001(5), with no right of compensation. *Goldie v. Cox,* 130 F.2d 690 (8th Cir.1942); *cf. Matter of Schatz Federal Bearings Co., Inc.,* 17 B.R. 780 (Bkrtcy.S.D.N.Y.1982) (no compensation to former directors for traditional corporate duties; no compensation for services beyond traditional scope without prior court approval under § 327(a)). Of course, no order was ever entered authorizing Consove to perform any services on behalf of the trustee. This part of Edward Consove's claim should be denied in its entirety, or at the very least, subordinated, for the same reasons stated above.

As has been true from the outset, in practically all respects, we again agree with the position of the creditors for the reasons set forth in the trustee's objection and supporting memorandum, and make the following order:

1. Edward Consove's claims based on the promissory note for $300,000 and on the promissory note for $29,558.13 [1] are subordinated, pursuant to 11 U.S.C. § 510(c),[2] to the claims of general creditors;

2. Edward Consove's claim based on the $27,000 promissory note of Gerald Consove is disallowed.[3]

3. The priority claim of $10,000 for services allegedly rendered to the trustee is disallowed.

Left to be resolved is the trustee's request for interest, costs, and attorney's fees incurred in defending the estate against Consove's complaint for relief from stay, and in objecting to the allowance of the instant proof of claim.

■ With respect to the December 14, 1981 judgment, the trustee's request for post-judgment interest is granted because 28 U.S.C. § 1961[4] requires that: "interest *shall* be calculated from the date of the entry of the judgment, at the rate allowed by State law." (emphasis added) *Akermanis v. Sea-Land Service, Inc.,* 521 F.Supp. 44 (S.D.N.Y.1981); *Woolfson v. Doyle,* 180 F.Supp. 86 (S.D.N.Y.1960); *Salter v. Guaranty Trust Co.,* 237 F.2d 446 (1st Cir.1956). Therefore, pursuant to R.I.GEN.LAWS, § 9–21–8, which establishes the rate of interest on civil judgments, interest of 12% per annum should have been added to the judgment from December 14, 1981 through the date of payment of the principal and all accrued and unpaid interest, and by amending the judgment in that respect, we are

1. Claimant has previously acknowledged that the $29,558.13 note refers to an account payable for "officer loans" on which the balance owed is $26,158.95. *See In re Roco Corp.,* 701 F.2d at 984, 985. The Court thus finds that the amount under consideration with respect to this note is $26,158.95.

2. 11 U.S.C. § 510(c) provides that:

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest. . . .

3. It has been agreed to by the parties that the $27,000 note by Gerald Consove was an obligation owed to the debtor corporation—not to Edward Consove. *See* Order dated December 14, 1983 granting Trustee's Application to Compromise and Settle Claim due Estate.

4. 28 U.S.C. § 1961 was amended by Pub.L. 97–164 effective October 1, 1982, but since the amendment is not retroactive, the unamended statute controls with respect to the 1981 judgment in this case.

only doing now what should have been ministerially ordered on December 14, 1981.

■ The trustee's request for pre-judgment interest from the time of the filing of the involuntary petition presents a different problem, however. Unlike the inclusion of post-judgment interest, which is an unconditional statutory right, the award of pre-judgment interest is subject to judicial discretion. Section 547 of the Bankruptcy Code, which pertains to preferences, is silent on the subject of interest. Absent a specific statutory provision, the bankruptcy court may exercise its equitable power to award such interest in appropriate circumstances. *See* 4 *Collier on Bankruptcy* ¶ 550.02 (15th ed. 1983) at 550–6; 3 *Collier on Bankruptcy*, pt. 2 ¶ 60.63 (14th ed. 1977) at 1129–30; *Kaufman v. Tredway*, 195 U.S. 271, 25 S.Ct. 33, 49 L.Ed. 190 (1904) (interest awarded to trustee from date of commencement of recovery action). As a general rule, interest on a voidable preference recovery, if allowed, is computed from the date of demand for its return, or, in the absence of a prior demand, from the date when the action for recovery is commenced. *See Kaufman v. Tredway, supra; Salter v. Guaranty Trust Co., supra; Elliotte v. American Savings Bank & Trust Co.*, 18 F.2d 460 (6th Cir.1927); 4 A.L.R.2d 327. On occasion, courts have awarded interest from the date of the transfer, where blatant fraud or bad faith in connection with the transfer was demonstrated. *See Hill v. Ozar (In re Wholesale Furniture Mart, Inc.)*, 24 B.R. 240 (Bkrtcy.W.D.Mo.1982); *Gould v. Nathans*, 1 F.2d 458 (D.Mass.1924).

Although the court has discretion to award pre-judgment interest in connection with a voided preference, the view we take of the trustee's request *at this juncture,* is that the request is not timely. The trustee is seeking, for the first time, to amend an order entered by this Court more than two years ago, to include pre-judgment interest. Our December 1981 decision *In re Roco Corp.* made no reference to interest. 15 B.R. 813. That decision was reviewed by the Bankruptcy Appellate Panel, 21 B.R. 429, and by the Court of Appeals for the First Circuit, 701 F.2d 978. It appears that the only basis for consideration of such a motion to amend is Fed.R.Civ.P. 60(b)(6) which specifies "any other reason justifying relief from the operation of judgment," as a ground for relief from judgment.[5] But Rule 60(b)(6) relief "does not present a court with standardless residual discretionary power to set aside judgment." *Welty v. Russell (In re Russell),* 22 B.R. 143, 145 (Bkrtcy.D.Or.1982); *see Scola v. Boat Frances, R., Inc.,* 618 F.2d 147 (1st Cir.1980). Rule 60(b)(6) requires the party seeking relief to establish "extraordinary circumstances" or "extreme hardship"—not quite the case here. *See Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *C.I.T. Corp. v. Johnson & Morgan Contractors (In re Johnson & Morgan Contractors),* 29 B.R. 372 (Bkrtcy.M.D.Pa. 1983) (decided on other grounds); *see generally* 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2864 at 214–215 (1973).

■ Furthermore, Rule 60(b)(6) relief is not available to an aggrieved party who could have sought such relief on appeal.

---

5. Federal Rule of Civil Procedure 60(b), with certain non-relevant exceptions, is made applicable to bankruptcy cases by Bankruptcy Rule 9024. The relevant portion of Rule 60(b) Fed. R.Civ.P. is as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore de-

nominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. (emphasis added.)

*Mayberry v. Maroney,* 558 F.2d 1159, 1164 (3rd Cir.1977). A party who contends that a legal error was made, but who fails to make an effort to file a timely appeal on the issue, is not entitled to relief under Rule 60(b)(6). *See In re Morrison,* 26 B.R. 57 (Bkrtcy.N.D.Ohio 1982). Particularly as in this case where the award of interest is discretionary, Rule 60(b)(6) may not be the vehicle for rehearing on an issue not raised in prior proceedings. *See Kowall v. United States,* 53 F.R.D. 211 (W.D.Mich.1971).

■ Because of the trustee's failure to request pre-judgment interest earlier, we find no reason to now disturb the judgment, and will deny the request made here for the first time. For the same reasons, we do not now order Consove to pay the trustee's Bill of Costs amounting to $1,261.56 (Exhibit D) which were incurred in litigating the adversary proceeding of December, 1981.[6]

■ The trustee's request for the assessment of attorney's fees against Consove is similarly addressed to the Court's discretion. Under Rule 7054, pertaining to judgments and costs, the Bankruptcy Court has authority to award costs to the prevailing party in bankruptcy proceedings. Although Rule 7054 does not expressly provide for or deal with attorney's fees, a court of equity may consider attorney's fees as costs, provided that such judicial discretion is exercised with restraint. *Gerzof v. Miller (In re Miller),* 14 B.R. 443 (Bkrtcy.E.D.N.Y.1981); *In re Swofford,* 112 F.Supp. 893 (D.Minn. 1952). In *Swofford,* counsel fees were awarded against a creditor who repossessed the debtor's truck with full knowledge that bankruptcy proceedings had been initiated, and in willful violation of the automatic stay. The Court in *In re Miller* declined to award attorney's fees absent a showing of bad faith, holding that to do so would be oppressive on the facts of that case. It appears that the power to award attorney's fees is not unrestricted, but rather is reserved for exceptional situations. *Pirrone v. Toboroff (In re Vaniman Int'l, Inc.),* 22 B.R. 166, 194 (Bkrtcy.E.D.N.Y.1982). In *Vaniman,* attorney's fees were assessed against the debtor's former shareholder where the shareholder forced the trustee into costly and extensive litigation to avoid fraudulent conveyances. The Court astutely observed that simply avoiding the fraudulent conveyance would not be a deterrent "since anyone similarly tempted will calculate correctly that they have nothing to lose by similar misconduct if the worst that can happen is that they be required to restore what was improperly taken." *Id.* at 195.

■ The instant case closely parallels *Vaniman, id.,* and in following that precedent, we conclude that the present litigation is being pressed mainly for the purpose of taking yet another bite at an apple which Consove consumed long ago, and has served only to further delay the distribution of assets to creditors and to reduce their recovery, to the extent of the cost of this most recent litigation. In fairness, Edward Consove should bear some portion of the trustee's attorney's fees incurred in defending against the allowance of claim 69. The legal expense of this litigation expense should not be borne fully by creditors.[7]

We are aware that an award of attorney's fees in these circumstances is subjective, but that should not dictate that such an award cannot or should not be made. Recognizing these concerns, but adopting the reasoning of the Court in *Vaniman,* we think that Consove should be charged *something* for pursuing this present litigation. Therefore, and because of the difficulty in making such a determination without

---

**6.** Bankruptcy Rule 7054(b) may not be used interchangeably with Fed.R.Civ.P. 54(d). The latter provides for costs to the prevailing party as of course. The former leaves the taxation of costs in a Bankruptcy adversary proceeding to the Court's discretion.

**7.** We do not order Consove to pay attorney's fees incurred by the trustee two years ago in connection with litigation to avoid fraudulent transfers and preferences. The trustee did not move for the imposition of fees at that time, and it is too late now for this Court to consider such an issue, which is clearly part of a closed and separate proceeding. *See In re Miller, supra.*

knowing the total asset-liability picture, the amount of the trustee's attorney's fees to be borne by Consove will be determined or allocated at the conclusion of the case, whenever that event occurs.

In summary, the trustee's request for pre-judgment interest, attorney's fees, and costs in connection with the December 14, 1981 judgment is denied. The request for post-judgment interest from December, 1981, through the date of payment of the principal and all accrued and unpaid interest is granted. The request for an award of attorney's fees and costs incurred in opposing the instant proof of claim is granted, with the determination of the amount of said award to be deferred until the case is in order to be closed.

Enter judgment accordingly.