**In re METHANE GAS COMPANY, Debtor.**

**William A. WINSTON, Reliance Insurance Company, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Civ. A. No. 3–88–1973–H.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 21, 1988.

---

Philip I. Palmer, Jr., Palmer & Palmer, Dallas, Tex., for appellants.

John Howard, Bankruptcy Div., Adm. Office of the U.S. Courts, Washington, D.C., Marvin Collins, U.S. Atty., Diane M. Kozub, Asst. U.S. Atty., Dallas, Tex., for appellee.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Appellants' Brief on Appeal, filed September 6, 1988 and Appellee's Brief, filed September 30, 1988.

The standard of review to be applied by this Court in a bankruptcy appeal is set forth in 11 U.S.C. Rule 8013. That Rule provides that a bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Thus, although this Court may readily overrule a bankruptcy court's interpretation of law, it must defer with respect to findings of fact that are not clearly erroneous. *Matter of Lenard,* 849 F.2d 974, 976 (5th Cir.1988); *In re First South Savings Association,* 820 F.2d 700, 711 (5th Cir.1987).

This is an appeal from an Order of the Bankruptcy Court entered June 10, 1988, rendering judgment against Appellant Winston as a fiduciary receiver of the Methane Gas Company estate, and against Reliance Insurance Company as Winston's surety, for unpaid administrative expenses of the Chapter 11 proceeding, specifically the referees' salary and expense fund and special charges in the amount of $11,613.66 (plus interest). Dkt. Ent. 278; Appellee's Brief at 1-2.

Methane Gas Co., the Debtor, filed its Petition for Arrangement under Chapter XI on July 21, 1979.[1] William A. Winston was appointed as Receiver the next day. He was bonded in the amount of $10,000.00 by the Reliance Insurance Co. On December 4, 1981, the Consolidated Plan of Arrangement was confirmed by a court order. Dkt. Ent. 142; Appellee's Brief at 2. J. Van Oliver was appointed to serve as the Disbursing Agent,[2] "for the purpose of receiving and distributing the Creditor Fund and Escrow Fund as set forth in the Plan."[3] Dkt. Ent. 142.

---

1. Because of this filing date, the 1898 Bankruptcy Act and old rules apply.

2. Traditionally, the Receiver played no role in the reorganization process and did not survive confirmation. In old Chapter XI proceedings, the Debtor alone retained the exclusive right to file the Plan of Arrangment. Bankruptcy Rule 11–36. If the Plan was confirmed, the Court named a Disbursing Agent to carry out the Plan. Rule 11–38.

   It was contemplated by 11 U.S.C. § 337 that if there was a Receiver in place before confirmation, he would automatically be named as Disbursing Agent. In this case, the creditors prevailed upon the Debtor to name Van Oliver to

serve as Disbursing Agent for the purpose quoted below. Appellant's Brief at 6–7.

3. Article IX of the Plan provides that all claims in Class 6 (defined in Article IV) shall be paid through a Creditor Fund or escrow fund (Sections 9.1 and 9.4). Section 9.2 of Article IX provides that the creditor fund is to be funded by a combination of all funds held by the Receiver which are not required to satisfy claims in Classes 1 and 2 (defined in Article IV as cost and expenses of administration and priority claims) or required to be paid to others and proceeds of a loan to be procured by Methane. Inconsistently, Section 5.1 of Article V provides that all claims in Classes 1 and 2 shall be

After the confirmation, Appellant Winston continued to act on behalf of the estate by filing reports and applying for orders. *See* Appellee's Brief at 6–9. On May 25, 1982, for example, Winston filed an application for the Court to value new stock being issued by the Debtor and then to fix the costs due to the referees' salary and expense fund and special charges. Dkt. Ent. 181; Appellants' Brief at 2.

Apparently believing the reorganization to be fully implemented, Winston turned over to the Debtor $121,000.00 in April of 1984. Dkt. Ent. 225, 240. An order authorizing said turnover and requiring an accounting by Winston within 60 days was never approved by the Bankruptcy Court. Ex. A, Dkt. Ent. 277. Neither Van Oliver nor Winston paid the court costs due for the referees' salary and expense fund or the special charges in the referees' office.

In June of 1987, the Bankruptcy Court ordered Appellant Winston to show cause why he should not be removed for failure to file a final report. Dkt. Ent. 271. On August 10, 1987, Winston filed his final report and accounting which detailed funds which had been in his possession as Receiver and to whom disbursed, including an itemization of administrative costs and claims paid by him. Dkt. Ent. 280.

On March 3, 1988, the Bankruptcy Court issued an order to show cause why Winston and his bonding company should not be held jointly and severally liable for the unpaid costs and why Winston should not be disbarred. Dkt. Ent. 275. After the hearing, the Bankruptcy Court issued its Findings of Fact and Conclusions of Law ("F.F."), Dkt. Ent. 279, and an Order directing judgment against Appellants.

Appellants argue that the Disbursing Agent had the exclusive responsibility, under court supervision, to disburse the deposit, including the referees' special charges and the salary and expense fund. 9 *Collier, Bankruptcy, (14th ed.)* § 9.26[1]

at 349; Appellants' Brief at 8–9. Appellant Winston suggested, however, that he should be responsible for paying those costs. In his motion dated May 25, 1982, Winston "moves that the Court now value the said securities so that the Operating Receiver [Winston] may *calculate and pay the Referee's salary and expense fund.*" Dkt. Ent. 181 (emphasis added); F.F. 6(2).

The fees at issue in this case were imposed under Section 40(c)(2) of the Bankruptcy Act. The statute provides that:

> Additional fees for the referees' salary and expense fund shall be charged, in accordance with the schedule fixed by the conference ... (b) against each case in an arrangement confirmed under Chapter XI of this Act, and be computed upon the amount to be paid to the unsecured creditors upon confirmation of the arrangement and thereafter, pursuant to the terms of the arrangement ...

In other words, the statute does not specify which of the fiduciaries is responsible for paying the fees, only that they shall be charged against each "case".

■ Appellants rely on Rule 11–38, which provides that the debtor should deposit with the disbursing agent the money necessary to pay all costs of administration, to support the theory that Van Oliver should have paid the costs. In this case, however, the Bankruptcy Rules were not strictly followed. The receiver did not act as disbursing agent, a mandate of Rule 11–38.[4] Because section 40(c)(2) does not specify who is responsible for fee payments, it was not reversible error for the Bankruptcy Court to charge Winston, who had once acknowledged that the responsibility lay with him.

■ Appellants also argue that the Bankruptcy Court improperly assessed prejudgment interest against Appellants. Absent a specific statutory provision, the Bankruptcy Court may exercise its eq-

---

paid from funds available to the Disbursing Agent upon confirmation.

**4.** Appellee notes that the Plan and Order of Confirmation contemplated that Van Oliver's appointment as a disbursing agent was only for

the purpose of paying Class 6 claims. Winston was the fiduciary in charge of disbursing funds specifically for administrative costs. Appellee's Brief at 12; *see* Consolidated Plan of Arrangement at 17–19.

uitable power to award such interest in appropriate circumstances. *In re Roco Corporation*, 37 B.R. 770 (Bankr.D.R.I. 1984).

The purpose of awarding interest is to compensate the wronged party for deprivation of the monetary value of the loss from the time of the loss to the payment of the money judgment. *Turner v. Japan Lines, Ltd.*, 702 F.2d 752 (9th Cir.1983). In this case, the Treasury was deprived of the use of the fees for the referees' salary and expense fund from the time that they should have been paid by the Receiver. The Bankruptcy Court properly exercised its discretion in awarding pre-judgment interest under these circumstances. Accordingly, the Court AFFIRMS the Bankruptcy Court's Ruling with respect to Appellant Winston's liability.

Finally, the Court finds the surety liable up to the amount of its bond, $10,000.00. Appellant Reliance undertook to guarantee the performance of Winston as "Receiver and/or Trustee". The record clearly shows that at all times Winston acted and represented himself as the Receiver or Operating Receiver of the Methane estate.

In April of 1984, Winston disobeyed an Order of the Bankruptcy Court, entered on August 1, 1983 (which ordered that monies turned over to Winston by Van Oliver were to be distributed pursuant to further order of that Court, Dkt. Ent. 240) by turning over those monies in his possession without a Court order. This action makes Reliance insurance liable under its bond. Ex. B, Dkt. Ent. 277. Accordingly, the Court AFFIRMS the holding of the Bankruptcy Court concerning the liability of Reliance Insurance Co.

SO ORDERED.