In re NEPONSET RIVER PAPER COMPANY, Debtor.

Stephen S. GRAY, Trustee, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, Defendant.

Bankruptcy No. 93–12482–CJK.

Adversary No. 95–1401.

United States Bankruptcy Court, D. Massachusetts.

Jan. 5, 1998.

Garrett Harris, Gallagher & Gallagher, P.C., Boston, MA, for Defendant.

Harold B. Murphy, Boston, MA, for trustee.

## MEMORANDUM OF DECISION ON MOTION TO AMEND JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

This adversary proceeding is before the Court on the Plaintiff's motion to amend his preference judgment to include both pre- and postjudgment interest. The defendant's objection raises the issue of whether prejudgment interest should be awarded on a preference claim that, until entry of judgment, was disputed and unliquidated. The Court holds that prejudgment interest on an unliquidated preference claim need not automatically be granted or denied. Rather, in its discretion, the court may and should award prejudgment interest on even an unliquidated preference claim unless the need to make the estate whole is outweighed by countervailing equities; finding none in this case, the Court will award interest from the date of the Trustee's complaint.

By his complaint in this adversary proceeding, filed on June 27, 1995, the Plaintiff, Stephen Gray, as Chapter 7 Trustee of Neponset River Paper Company, sought to recover an alleged preferential transfer in the amount of $204,359.00. 11 U.S.C. § 547(b). In its answer, the Defendant, Travelers Insurance Company, raised the "new value" defense, an affirmative defense set forth at 11 U.S.C. § 547(c)(4), but did not quantify the amount of new value at issue. On July 29, 1997, the parties stipulated that only $12,000 of the transfer was protected from avoidance by the new value defense. Then, on October 16, 1997, after trial of the remaining issues, the Court entered judgment for the Plaintiff in the amount of $192,359.00, representing the amount of the transfer minus the agreed amount of new value. Inadvertently, no provision for interest was made in the judgment.

The Trustee has now moved to amend the judgment to include both pre- and postjudgment interest. Travelers objects to prejudgment interest on the basis that it may be awarded only when the amount of the claim was either liquidated or reasonably ascertainable prior to entry of judgment. Travelers argues that the Trustee's claim was not liquidated until the parties stipulated to the amount of new value; only then did the amount of the Trustee's claim become sufficiently certain to justify prejudgment interest. Travelers also suggests that prejudgment interest would unduly penalize Travelers for the delay occasioned by its litigating a good faith dispute over liability.

The Bankruptcy Code does not address the subject of prejudgment interest in preference and fraudulent conveyance actions. See 11 U.S.C. § 550; 5 COLLIER ON BANKRUPTCY ¶ 550.02[3][b] at 550–10 (15th ed. 1997) ("The Code does not specify whether the trustee may recover interest and costs in addition to recovering the property and its value."). Therefore, prejudgment interest is subject to the court's discretion, to be awarded or not according to the equities of the case.[1] Its purpose is not punitive but compensatory: to make the estate whole.[2] In preference and fraudulent conveyance proceedings, this aim is usually paramount,

---

1. *Blau v. Lehman*, 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed.2d 403 (1962) (where statute does not address prejudgment interest, interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness and denied when its exaction would be inequitable); *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1566 (10th Cir.1993) (examining award of prejudgment interest for abuse of discretion and finding that award was consistent with balance of the equities); *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1281 (8th Cir.1988) (awards of prejudgment interest discretionary, not mandatory); *In re First Software Corp.*, 107 B.R. 417, 425–426 (D.Mass.1989) (reviewing denial of prejudgment interest for abuse of discretion); *In re Independent Clearing House Co.*, 41 B.R. 985, 1015 (Bankr.D.Utah 1984), *aff'd and rev'd on other grounds, en banc,* 77 B.R. 843 (D.Utah 1987) ("Ordinarily, the allowance of prejudgment interest and the fixing of the time from which interest shall accrue are discretionary with the court."); *In re Roco Corp.*, 37 B.R. 770, 774 (Bankr.D.R.I. 1984) (award of prejudgment interest s subject to judicial discretion).

2. *In re Investment Bankers, Inc.*, 4 F.3d at 1566 (prejudgment interest would serve to compensate estate for use of funds wrongfully withheld during pendency of suit); *In re Independent Clearing House Co.*, 41 B.R. at 1015 (prejudgment interest is not punitive but compensatory, allowed where necessary to make the prevailing party whole); *Matter of Foreman Industries, Inc.*, 59 B.R. 145, 155 (Bankr.S.D.Ohio 1986).

such that, at least where the amount of the contested payment was determined before entry of judgment, "courts have traditionally awarded prejudgment interest to a trustee who successfully avoids a preferential or fraudulent transfer from the time demand is made or an adversary proceeding is instituted." [3] Indeed, because the loss of value to the estate depends not just on the amount of the payment but on how long that payment was withheld from the estate, the estate cannot recover the full value to which it is entitled under § 550(a) unless it receives interest from the date of demand. 11 U.S.C. § 550(a) (to the extent that a transfer is avoided under § 547, the trustee may recover "the property transferred or, if the court so orders, *the value of such property*" (emphasis added)); *Matter of Foreman Industries, Inc.*, 59 B.R. at 155 (recovering only the amount originally transferred is not adequate). However, the concern to provide compensation may be overridden by countervailing equities. *In re Investment Bankers, Inc.*, 4 F.3d at 1566 (prejudgment interest may generally be awarded if it would serve to compensate the injured party and is otherwise equitable).

 One of these finds expression in the rule that Travelers now invokes: "the general rule that a prevailing plaintiff is entitled to prejudgment interest as an element of damages when the amount of his claim is either 'liquidated' or 'reasonably ascertainable by reference to established market values.'" *Robinson v. Watts Detective Agency*, 685 F.2d 729, 741 (1st Cir.1982). From this general rule, Travelers would draw the conclusion that when the amount of a claim was neither liquidated nor reasonably ascertainable before judgment, then prejudgment interest *cannot* be awarded. In 1953, the First Circuit remarked that this is the rule that

the federal cases, "at least the older ones," tended to apply. *Moore–McCormack Lines v. Amirault*, 202 F.2d 893, 897 (1st Cir.1953). However, in the same case, the court noted that "[t]his common law distinction between liquidated and unliquidated claims, in the manner of allowance of interest, has not escaped criticism." *Id.* at 898. And in *Robinson* itself, the First Circuit departed from the rule requiring disallowance of interest on unliquidated claims. It ruled that because damages on the plaintiff trustee's fraudulent conveyance claim were not ascertainable before trial with reasonable certainty, the trustee was not entitled to prejudgment interest *except in the discretion of the jury*. *Robinson v. Watts Detective Agency*, 685 F.2d at 742. The rule to be drawn from *Robinson* is that a prevailing plaintiff on a claim whose amount was neither liquidated nor reasonably ascertainable before trial is entitled to prejudgment not as a matter of right but only in the discretion of the jury—or of the judge, as the case may be. Therefore, I reject the argument that prejudgment interest must be denied where the amount was neither liquidated nor reasonably ascertainable before trial. The prejudgment status of the claim is a factor in the court's equitable balancing, but not necessarily a controlling one.

The question remains: what equitable difference does it make that the amount of the claim was not reasonably ascertainable before judgment? The cases denying prejudgment interest on unliquidated claims almost never explain the equitable basis for doing so. As articulated by Travelers, the equitable justification is that an award of prejudgment interest would unfairly penalize Travelers for litigating a good-faith dispute concerning preference liability. This argument reflects the standard justification for the rule:

**3.** *In re Investment Bankers, Inc.*, 4 F.3d at 1566; *Kaufman v. Tredway*, 195 U.S. 271, 273, 25 S.Ct. 33, 34, 49 L.Ed. 190 (1904) ("We see no reason to doubt the propriety of allowing interest on the [disputed preference] claim from the commencement of the action."); *Salter v. Guaranty Trust Co. of Waltham*, 237 F.2d 446, 447 (1st Cir.1956) (court erred in not awarding interest on its preference judgment from the date when the action was brought); *Plymouth County Trust Co. v. Mac-Donald*, 60 F.2d 94, 97 (1st Cir.1932) (interest on

disputed preference claim should run from date of the filing of the petition for turnover of the preference and not from adjudication); *Palmer v. Radio Corporation of America*, 453 F.2d 1133, 1140 (5th Cir.1972) ("It is well settled that interest on a voidable preference recovered by a trustee in bankruptcy should be computed from the date of demand for its return or, in the absence of a demand, from the date of the commencement of the suit for its recovery."); *In re Independent Clearing House Co.*, 41 B.R. at 1015–1016 and cases cited.

The fact that a claim is unliquidated was at one time generally held to be a bar to the allowance of interest on the claim. The reason given for this holding was that the person who was liable did not know what amount he owed and therefore should not be charged interest for not paying an unknown sum. There was no fixed standard against which payment could be measured until the judgment or decree was entered; thus, interest was not allowed until the time of the judgment or decree....

22 AM.JUR.2D *Damages* § 181 (1965).

 The Court agrees that Travelers should not be penalized for not paying its disputed preference liability before entry of judgment. But the purpose of prejudgment interest is generally not to penalize; certainly that is not the purpose in this case. Rather, its purpose is compensatory, to make the plaintiff whole. Whether a claim is disputed or not, either as to liability or as to amount, a judgment on the claim does not create liability; it merely recognizes and determines the prior existence of the liability. Although equitable considerations will sometimes dictate otherwise, full compensation normally requires interest from the prejudgment date on which the liability arose.[4]

In the case of a preferential transfer, which is not void but merely voidable,[5] the debt arises upon demand or, if no demand is made, upon the filing of the complaint. The estate cannot be made whole without interest from the date of the commencement of the action. *In re Foreman Industries, Inc.*, 59 B.R. 145, 155 (Bankr. S.D.Ohio 1986). And courts have long awarded interest on preference recoveries accordingly.[6]

Travelers has stated no cause to depart from that rule in this case. Therefore, the Court will award interest at the rate prescribed in 28 U.S.C. § 1961(a) from the date on which the complaint was filed. *In re H.P. King Co., Inc.*, 64 B.R. at 491 (Bankr.E.D.N.C.1986) (the federal postjudgment interest rate should apply to prejudgment interest on preferential transfers in the absence of substantial evidence that the equities of a particular case require a different rate). An amended judgment will enter accordingly.

---

4. This approach reflects the approach of the more recent cases:

 Although many decisions still state the general rule [denying prejudgment interest on unliquidated claims], there has, in general, been a willingness on the part of many courts to award interest even though the claim is unliquidated. Sometimes this has been accomplished by defining the claim as liquidated. Other decisions rest upon statutes with the commencement of suit be considered the necessary demand to start the interest period running. Recent cases, however, approach the problem in a more direct fashion and allow interest on an unliquidated claim when justice and fairness so require. These cases often point out that the plaintiff is entitled to the money whether the claim is called "liquidated" or "unliquidated," and where the court determines that the plaintiff is entitled to damages from the defendant, full compensation requires the payment of interest.

 22 AM.JUR.2D *Damages* § 181 (1965).

5. See 11 U.S.C. § 547(b) ("the trustee *may* avoid ...").

6. *Kaufman v. Tredway*, 195 U.S. 271, 273, 25 S.Ct. 33, 34, 49 L.Ed. 190 (1904) ("We see no

reason to doubt the propriety of allowing interest on the [disputed preference] claim from the commencement of the action."); *Plymouth County Trust Co. v. MacDonald*, 60 F.2d 94, 97 (1st Cir.1932) (interest on disputed preference claim should run from date of the filing of the petition for turnover of the preference and not from adjudication); *Salter v. Guaranty Trust Co. of Waltham*, 237 F.2d 446, 447 (1st Cir.1956) (court erred in not awarding interest on its preference judgment from the date when the action was brought); *Palmer v. Radio Corporation of America*, 453 F.2d 1133, 1140 (5th Cir.1972) ("It is well settled that interest on a voidable preference recovered by a trustee in bankruptcy should be computed from the date of demand for its return or, in the absence of a demand, from the date of the commencement of the suit for its recovery."); *In re H.P. King Co., Inc.*, 64 B.R. 487, 488–489 (Bankr.E.D.N.C.1986) (interest accrues on a preference recovery from the date of demand or, if no demand was made, from the date on which the adversary proceeding was commenced); *In re Missionary Baptist Foundation of America*, 69 B.R. 536, 538 (Bankr.N.D.Tex.1987) (same); *Foreman Industries, Inc. v. Broadway Sand & Gravel (In re Foreman Industries, Inc.)*, 59 B.R. 145, 155–156 (Bankr.S.D.Ohio 1986) (same).